# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

### NO. 03-02-00660-CV

**Redwood Group, L.L.C., Appellant**

**v.**

**Robert Louiseau, Special Deputy Receiver for American Benefit Plans, Appellee**

**4444444444444444444444444444444444444444444444444444444444444444444**
**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 53RD JUDICIAL DISTRICT**
**NO. GN200884, HONORABLE MARGARET A. COOPER, JUDGE PRESIDING**
**4444444444444444444444444444444444444444444444444444444444444444444**

### O P I N I O N

Redwood Group, L.L.C. ("Redwood") brings a restricted appeal from a no-answer default judgment recovered by Robert Louiseau ("Receiver") in his capacity as special deputy receiver for some twenty-one individuals and artificial legal entities involved in the business of insurance. *See* Tex. R. App. P. 30. The judgment directs that the Receiver recover from Redwood and two co-defendants, jointly and severally, the sum of $1,951,789.35, together with post-judgment interest, attorney's fees, costs, and permanent injunctive relief in several particulars. We will reverse the judgment and remand the cause to the district court.

**THE CONTROVERSY**

The Receiver's original petition, upon which the judgment rests, designates three defendants: Redwood, TRG Marketing, L.L.C., and TRG Administration, L.L.C.; and, alleges against them various wrongful acts under the collective nouns "TRG" and "Defendants." The petition avers, in addition, that each of the defendants is "a foreign corporation with its principal place of business in Indiana . . . with extensive business contacts with Texas including the regular and repeated sale of its products to Texas companies and/or individuals," all without "authority." The word "authority" apparently means without official authority from the State of Texas.

Within the range of issues possible to be raised in a restricted appeal, we are concerned here with only one: whether there exists reversible error apparent from the face of the record. *See* Tex. R. App. P. 26.1(c), 30. The "face of the record" consists of all papers on file in the appeal. *Norman Communications v. Texas Eastman Co.*, 955 S.W.2d 269, 270 (Tex. 1997).

As we understand Redwood's brief on appeal, it contends that reversible error appears from the face of the record in that it omits to show affirmatively that the district court acquired personal jurisdiction over Redwood by reason of a valid service and return of citations. We will sustain the point.

**DISCUSSION AND HOLDINGS**

No presumptions are made in favor of a proper issuance, service, and return of citation; and, if a proper service of citation is not affirmatively shown by the record there exists reversible error. A proper service requires strict compliance with the applicable statutes and rules of civil procedure. When a statutory method of constructive service on a nonresident is invoked in

2

support of a default judgment, it must be supported by allegations in the petition of all facts necessary to support that method of service. Unless these requirements are met, the trial court acquires no personal jurisdiction over the defendant. *See Primate Constr., Inc. v. Silver*, 884 S.W.2d 151, 152-53 (Tex. 1994); *Wilson v. Dunn*, 800 S.W.2d 833, 836 (Tex. 1990); *Uvalde Country Club v. Martin Linen Supply Co., Inc.*, 690 S.W.2d 884, 885 (Tex. 1985); *McKanna v. Edgar*, 388 S.W.2d 927, 929-30 (Tex. 1965).

## DISCUSSION AND HOLDINGS

We will discuss the issues under three headings suggested by the parties' arguments on appeal.

### *Missing Citations*.

The record contains a copy of a Nevada process server's verified return. It recites that on March 18, 2002, he received for service a citation and a copy of the Receiver's original petition which the process server executed later the same day at an address in Las Vegas, Nevada, "by delivering [the documents] to: Redwood Group, Llc [sic] By Delivering To Its Registered Agent, Incorp. Services, Inc., by serving Debbie White, Secretary, Authorized To Accept."

The record also contains a copy of an Indiana process server's verified return. It recites that on March 18, 2002, he received a citation and a copy of the Receiver's original petition which the process server executed the same day by delivering the documents to Redwood's "Chief Operating Officer, Chris Rhodes, at 37 S. Park Blvd., Greenwood, IN 46143."

Copies of the citations referred to in the two foregoing returns do not appear in the record. Each of the two returns is accompanied instead by an affidavit made by a Texas process server. Each affidavit declares that the Texas process server received on specified dates the citation and original petition referred to in the respective returns. Each affidavit then continues as follows:

> I am over the age of eighteen, not a party to nor interested in the outcome of the above [described] suit[.] I have been authorized by written order of the court to serve citations and other notices. The Original Citation has been lost in the mail or was inadvertently served. Please use this affidavit along with the attached officer's return of service or officer's Declaration of not found to confirm that service has been perfected or that service was unable to to [sic] perfected for the following reason listed on the declaration of not found attached.

No "declaration of not found" is attached to either affidavit. Notwithstanding the confusion inherent in the last sentence of the foregoing quotation, it appears that the affiant—the Texas process server—requests that each of the two affidavits be used with the pertinent return "to confirm that service" was perfected or that it failed of perfection because the person to whom citation was directed could not be found.

While a return is prima facie evidence of the facts recited *therein*, *Primate Construction, Inc.*, 884 S.W.2d at 152, this does not mean that the return is prima facie evidence of anything about which it is silent. For example, the two returns in question here contain nothing about the contents of the two lost citations; we cannot presume they conformed to the requirements of the rule of civil procedure specifying the contents of a valid citation. *See* Tex. R. Civ. P. 99. We hold accordingly.

4

*Service through the Secretary of State*.

It appears from the record that the Receiver attempted service of citation through the Secretary of State of Texas as a means of obtaining personal jurisdiction over Redwood. A copy of this citation appears in the record together with a verified return made by a Texas process server. The return records that the citation and a copy of the Receiver's original petition were received by the process server on March 15, 2002, and executed on March 18, 2002, by delivery of the documents to the Secretary of State.

The parties suggest that service through the Secretary of State was authorized by the following statutory provisions:

> Whenever a . . . foreign limited liability company shall fail to appoint or maintain a registered agent in this State . . . then the Secretary of State shall be an agent of such . . . foreign limited liability company upon whom any such process . . . may be served. . . . In the event any such process . . . is served on the Secretary of State, the Secretary of State shall immediately cause one of the copies thereof to be forwarded by registered mail, addressed to the . . . foreign limited liability company at its registered office.

Tex. Rev. Civ. Stat. Ann. arts. 1528n, 2.08B (West 2003).

> The secretary of state is an agent for service of process . . . on a nonresident who is required by statute to designate or maintain a resident agent or engages in business in this state, but has not designated or maintained a resident agent for service of process.

Tex. Civ. Prac. & Rem. Code Ann. § 17.044(a)(1) (West 1997).

> The secretary of state is an agent for service of process on a nonresident who engages in business in this state, but does not maintain a regular place of business in this state

5

or a designated agent for service of process, in any proceeding that arises out of the business done in this state and to which the nonresident is a party.

*Id.* § 17.044(b) (West 1997).

> (a) If the secretary of state is served with duplicate copies of process for a nonresident, the documents shall contain a statement of the name and address of the nonresident's home or home office and the secretary of state shall immediately mail a copy of the process to the nonresident at the address provided.

> \* \* \*

> (d) The process or notice must be sent by registered mail or by certified mail, return receipt requested.

*Id.* § 17.045(a), (d) (West Supp. 2003).

Assuming Redwood was amendable to service of process under the foregoing statutory provisions, it is essential that the record show affirmatively that the Secretary of State forwarded a copy of the citation and attached original petition to Redwood after receiving the documents; so much is expressly required by the statutes themselves. The record is silent on the question of whether the Secretary of State forwarded the documents as required. In addition, the Receiver's original petition does not allege the essential jurisdictional fact that Redwood failed to appoint or maintain a registered agent in Texas. *See McKanna*, 388 S.W.2d at 929-30.

We hold in consequence that the record does not show that the trial court acquired personal jurisdiction over Redwood by delivery of the pertinent documents to the Secretary of State.

6

***Constructive General Appearance***.

The Receiver contends the record shows affirmatively that Redwood appeared generally in the cause by implication, rendering service of process upon Redwood unnecessary. Redwood's general appearance resulted, according to the Receiver, from a district court order extending a temporary restraining order apparently obtained by the Receiver when he initiated the lawsuit. The trial judge signed the order extending the temporary restraining order on March 15, 2002, the same day the Receiver filed his original petition.

As a basis for the extension of the temporary restraining order, the order recites over the trial judge's signature that the extension was based on "good cause," to wit: the parties had "agreed to extend the TRO [sic] for at least fourteen (14) days," as indicated by a Rule 11 agreement attached to the extension order as an "exhibit."[1] The attached "exhibit" is a copy of a letter dated, curiously, March 27, 2002, or twelve days *after* the trial judge signed on March 15, 2002, the order extending the temporary restraining order. In any case, the letter is from the Receiver's attorney to Redwood's attorney and recites as follows:

> This letter is an agreement under Rule 11 under the Texas Rules of Civil Procedure concerning the matters set forth below:
>
> (1) The parties agree to extend the terms of the Temporary Restraining Order in this action for at least fourteen (14) days and an executed copy of this Rule 11 Agreement may be tendered to the Court at the time . . . the request for an extension is made;
>
> (2) You will present your clients for depositions at their offices on March 29, 2002, beginning at 9:00 a.m.;

---

[1] Rule 11 provides generally that agreements between attorneys are not enforceable unless in a writing signed and filed with the papers in the cause as part of the record, or unless made in open court and entered of record. *See* Tex. R. Civ. P. 11.

7

(3) The parties agree that by entering into this Rule 11 Agreement, the Defendants do not waive their rights, if any, to assert a Special Appearance under Rule 120a of the Texas Rules of Civil Procedure, or any other right to challenge the jurisdiction of the Texas state district court of this action.

In order to comply with Rule 11, this letter needs to be signed by counsel for all parties. Provided the terms conform to your understanding of our agreement, please sign in the space in the bottom left hand corner. Please fax me a copy of the signed letter.

* * *

/s/   Christopher Fuller

I, John Markham, attorney for TRG Marketing, LLC, TRG Administration, LLC, and the Redwood Group, Inc., agree on behalf of my clients to the terms of this letter.

/s/   John Markham

The general rule in cases like the present is this:

[A] general appearance is entered whenever the *defendant invokes* the judgment of the court in any way on any question other than that of the court's jurisdiction, without being compelled to do so by previous rulings of the court sustaining the jurisdiction.

*St. Louis & San Francisco R.R. Co. v. Hale*, 109 Tex. 251, 254, 206 S.W. 75, 75 (1918) (emphasis added). More recently, it was said that a defendant enters a general appearance; (1) when it *invokes* the judgment of the court on any question other than the court's jurisdiction; (2) if its act *recognizes* that an action is properly pending; or (3) it *seeks* affirmative action from the court. Therefore, not all acts relating to a cause constitute a general appearance; and, when the defendant neither acknowledges the trial court's jurisdiction over his person nor seeks court action other than a

8

dismissal for want of jurisdiction, he has not constructively appeared in the cause. *See Dawson-Austin v. Austin*, 968 S.W.2d 319, 322-23 (Tex. 1998). As the verbs, *invoke*, *recognize*, and *seek* suggest, the emphasis is properly upon some *affirmative action by the defendant* which impliedly recognizes the trial court's personal jurisdiction over the defendant. *See Smith v. Amarillo Hosp. Dist.*, 672 S.W.2d 615, 617 (Tex. App.—Amarillo 1984, no writ).

In the present case, the record does not reveal that the attorneys' Rule 11 agreement was ever filed in the cause in the ordinary sense implied by Rule 11, that is to say, as an independent paper in the cause; the agreement bears no file mark. *See* Tex. R. Civ. P. 11. Rather, the agreement appears in the record only as an "exhibit" to the trial court's order extending the temporary restraining order. While it was thus in a constructive sense "filed" by someone, the record does not indicate that Redwood or its attorney did so. And while the Rule 11 agreement made possible a court action based thereon, the agreement itself invoked nothing. It was no more than a private agreement between the attorneys until "tendered to the Court" for an extension and it sought nothing unless and until it was so tendered. Who made the tender is not, as we have said, revealed by the record. May it be said that the agreement affirmatively recognized the court's personal jurisdiction over Redwood? We believe not. Paragraph 3 of the letter agreement expressly preserved Redwood's right to challenge the district court's jurisdiction by a special appearance under Rule 120a or by any other means. We hold the record does not show a constructive general appearance by Redwood. *See Angelou v. African Overseas Union*, 33 S.W.3d 269, 276 (Tex. App.—Houston [14th Dist.] 2000, no pet.). The decision in *Exito Electronics, Co., Ltd. v. Trejo*, 99 S.W.3d 360, 368-71 (Tex. App.—Corpus Christi 2003, pet. filed), is not to the contrary. There, the court

9

specifically declined to address the issue of a constructive appearance arising from a Rule 11 agreement that was, as here, expressly conditioned upon a determination of the personal-jurisdiction issue, in that instance in connection with a special appearance to challenge jurisdiction.  *See* Tex. R. Civ. P. 120; *Exito Electron. Co., Ltd.*, 99 S.W.3d at 369, n.5.

For the reasons given, we reverse the judgment below for reversible error apparent on the face of the record and remand the cause to the district court.  Redwood shall be presumed to have entered its appearance to the term of the court at which our mandate shall be filed.  *See* Tex. R. Civ. P. 123.

_____

John E. Powers, Justice

Before Chief Justice Law, Justice Puryear and Powers[*]

Reversed and Remanded

Filed:  August 14, 2003

---

[*]  Before John E. Powers, Senior Justice (retired), Third Court of Appeals, sitting by assignment.  *See* Tex. Gov't Code Ann. § 74.003(b) (West 1998).