# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-09-00414-CV

### New Braunfels Transmission, Inc. and Todd Cox, Appellants

### v.

### Ryan Clarke and Laura Clarke, Appellees

### FROM THE DISTRICT COURT OF COMAL COUNTY, 207TH JUDICIAL DISTRICT
### NO. C2004-0093C, HONORABLE JACK H. ROBISON, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellants New Braunfels Transmission, Inc., and Todd Cox challenge a post-answer default judgment in favor of appellees Ryan Clarke and Laura Clarke on claims arising out of a vehicle repair transaction. Because we conclude that the trial court's judgment did not dispose of Cox's counterclaims and, therefore, is not final and appealable, we dismiss for want of jurisdiction.

## FACTUAL AND PROCEDURAL BACKGROUND

The Clarkes sued AAMCO, its franchisee New Braunfels Transmission, and Cox for fraud, conversion, and deceptive trade practices after a dispute over repairs to the Clarkes' vehicle. AAMCO and Cox filed original answers, and Cox filed counterclaims, including claims for fraud,

breach of contract, foreclosure of statutory lien, and declaratory relief.[1]  The court entered a default

judgment against all three defendants.[2]  This appeal followed.

## ANALYSIS

This Court has jurisdiction over appeals from final judgments and appeals from

certain interlocutory orders as provided by statute.  *See* Tex. Civ. Prac. & Rem. Code Ann.

§§ 51.012, .014 (West 2008 & Supp. 2009).  A judgment is final for purposes of an appeal if it

disposes of all pending parties and claims before the trial court.  *See Lehmann v. Har-Con Corp.*,

39 S.W.3d 191, 192-93, 195 (Tex. 2001).  When there has been no traditional trial on the merits,

there is no presumption of finality of a judgment.  *Crites v. Collins*, 284 S.W.3d 839, 840 (Tex.

2009).  Rather, "when there has not been a conventional trial on the merits, an order or judgment is

not final for purposes of appeal unless it actually disposes of every pending claim and party or unless

it clearly and unequivocally states that it finally disposes of all claims and all parties."  *Lehmann*,

39 S.W.3d at 205; *see also In re Lynd Co.*, 195 S.W.3d 682, 685-86 (Tex. 2006).  The order or

judgment must contain specific language denying or granting relief on all claims or unequivocally

state that it is intended to be final and appealable.  *See Crites*, 284 S.W.3d at 841.  "A statement like,

---

[1]  New Braunfels Transmission sought defense from its insurance carrier and did not file an answer pending the carrier's response.  A protracted dispute ensued, and no answer was ever filed on behalf of New Braunfels Transmission.  New Braunfels Transmission did, however, enter an appearance by joining Defendants' Response to Plaintiffs' Motion to Compel Mediation and by filing subsequent pleadings, including a motion for new trial.  *See Redwood Group, L.L.C. v. Louiseau*, 113 S.W.3d 866, 871 (Tex. App.—Austin  2003, no pet.).

[2]  All three defendants filed motions for new trial.  The trial court granted a new trial as to AAMCO, denied a new trial as to New Braunfels Transmission and Cox, and severed the Clarkes' claims against AAMCO from their claims against New Braunfels Transmission and Cox.

'This judgment finally disposes of all parties and all claims and is appealable,' would leave no doubt about the court's intention." *Lehmann*, 39 S.W.3d at 206; *see also Childers v. Advanced Foundation Repair, L.P.*, 193 S.W.3d 897, 898 (Tex. 2006) (finding judgment's language that "judgment is final, disposes of all parties and all claims in this case, is appealable, and disposes of this case in its entirety" to be "all-encompassing" and "unequivocal"); *Montalvo v. Camp*, No. 03-08-00374-CV, 2010 Tex. App. LEXIS 3237, at *4 (Tex. App.—Austin Apr. 28, 2010, no pet.) (mem. op.) (noting absence of "*Lehmann* statement"). "[I]f the record reveals the existence of parties or claims not mentioned in the order, the order is not final." *Lehmann*, 39 S.W.3d at 206. A judgment "that adjudicates only the plaintiff's claims against the defendant does not adjudicate a counterclaim . . . ." *Id*. at 205.

There having been no trial on the merits in this case, there is no presumption that the trial court's judgment was final. "Because the law does not require that a final judgment be in any particular form, whether a judicial decree is a final judgment must be determined from its language and the record in the case." *Id*. at 195; *see also Montalvo*, 2010 Tex. App. LEXIS 3237, at *4 (quoting *Lehmann*). Therefore, we first examine the language of the judgment to determine if the trial court stated an intention to dispose of all claims and parties.

The trial court's judgment is titled simply "Judgment." It includes findings on the Clarkes' claims against defendants and renders judgment in favor of the Clarkes on their claims against defendants. There is no use of the word "final" or any other language expressing the court's intention to dispose of all claims and parties, such as a "*Lehmann* statement." *See Montalvo*,

2010 Tex. App. LEXIS 3237, at *4 (quoting *Lehmann*, 39 S.W.3d at 206)*.* The language of the judgment does not unequivocally express an intent to dispose of all claims and parties.

Next we turn to the record. A review of the trial court record reveals that Cox filed counterclaims with his answer. The judgment does not refer to or mention Cox's counterclaims. Absent specific language granting or denying relief to Cox, the judgment adjudicates only the Clarkes' claims and not Cox's counterclaims. *See Crites*, 284 S.W.3d at 841; *Lehmann*, 39 S.W.3d at 205. Cox's counterclaims remain unresolved.[3] *See In re Lynd Co.*, 195 S.W.3d at 685. The judgment did not dispose of all claims and parties. Because there is no presumption of finality following a default judgment, *In re Burlington Coat Factory Warehouse of McAllen, Inc.*, 167 S.W.3d 827, 829 (Tex. 2005), and the default judgment in this case failed to dispose of all claims, we dismiss this appeal for want of jurisdiction.

## CONCLUSION

Because we conclude that the trial court's judgment neither unequivocally states the court's intention to dispose of all claims and parties nor actually disposed of all claims and parties, it is not a final, appealable judgment, and this Court lacks jurisdiction over this appeal. Accordingly, this appeal is dismissed for want of jurisdiction.

---

[3] In their briefing, New Braunfels Transmission and Cox concede this point. They state: "[Cox's] counter-claims were never disposed up of [sic] in the judgment rendered on April 22, 2009."

4

_____

Jan P. Patterson, Justice

Before Justices Patterson, Puryear and Henson

Dismissed for Want of Jurisdiction

Filed:   July 7, 2010