

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| ACADIAN PROPERTIES AUSTIN, LLC | § | No. 08-20-00048-CV |
| Appellant, | § | Appeal from the |
| v. | § | 423rd Judicial District Court |
| KJMONTE INVESTMENTS, LLC, | § | of Bastrop County, Texas |
| Appellee. | § | (TC#423-6368) |

## **O P I N I O N**

This is a restricted appeal from an order granting a default judgment against Appellant Acadian Properties Austin, LLC ("Acadian") in favor of Appellee KJMonte Investments, LLC ("KJMonte"). Finding no error on the face of the record, we affirm the trial court's judgment.[1]

### I. FACTUAL AND PROCEDURAL BACKGROUND

#### A. The Original Petition and Citation

On March 12, 2019, KJMonte filed a petition alleging, among other things, that Acadian had breached a 2012 agreement regarding a real estate development project in Bastrop County, Texas. In its petition, KJMonte alleged that Acadian was a "foreign limited liability company

---

[1] This case was transferred from our sister court in Austin, and we decide it in accordance with the precedent of that court to the extent required by TEX.R.APP.P. 41.3.

1

having designated a registered agent in the State of Texas with the Texas Secretary of State." KJMonte further alleged that Acadian could be served with process by delivering a copy of its petition and citation to Acadian's designated agent, Brandon A. Badeaux, at his registered address located at 1254 Pine Forest Circle, Round Rock, Texas 78664 (the "1254 address"). That same day, the district clerk issued a citation to be served on Badeaux, as Acadian's registered agent, at the 1254 address. The clerk signed the citation with the notation "under my hand and seal of said court," but a stamped seal did not appear on the face of the citation.

### B. The Affidavit of Non-Service on Badeaux

The record contains an "Affidavit of Nonservice" from a certified process server, stating that he had received KJMonte's petition and citation for service on March 14, 2019, but was unable to serve it on Badeaux at his registered address. In his affidavit, the process server explained that he had previously received a citation and petition to be served on Badeaux as Acadian's registered agent in a "different case," and that on March 11, 2019, he had attempted service on Badeaux at the 1254 address, but had discovered that the address did "not exist." He stated that his office ran a search on the WCAD.org website, which revealed that Badeaux had previously owned a property on the same street located at 1354 Pine Forest Circle in Round Rock Texas (the "1354 address"), but that Badeaux had sold that property in July of 2009.[2] The process server stated that he nevertheless attempted service at the 1354 address on March 11, 2019--again in the other case-- but that no one answered the door. He therefore concluded that he could not, with "reasonable diligence," serve KJMonte's petition and citation on Badeaux, and that service of process should instead be obtained through the Secretary of State as agent for a foreign filing entity.

---

[2] WCAD.org is the website for the Williamson County Central Appraisal District in which Round Rock Texas is located. *See* https://www.wcad.org.

### C. Service on the Secretary of State

The record next contains an "Affidavit of Service" signed by a second process server, stating that he had received duplicate copies of KJMonte's petition and citation on March 14, 2019, to be served on Acadian, and that he had delivered them to the Secretary of State on March 27, 2019. The Secretary of State's office subsequently provided a sworn certification stating that it had received copies of KJMonte's petition and citation on March 27, 2019, and had forwarded them on March 28, 2019, to Badeaux as Acadian's registered agent at the 1254 address by certified mail, return receipt requested, but that they were returned on April 2, 2019, bearing the following notation: "Return to Sender, Not Deliverable as Addressed, Unable to Forward."

### D. The Default Judgment

On June 26, 2019, KJMonte filed a motion for entry of default judgment, attaching an affidavit from its attorney describing the steps he took to attempt to serve Acadian, as well as the process servers' two affidavits and the Secretary of State's certification as exhibits. In addition, KJMonte attached a document from the Secretary of State's website, confirming that Acadian had named Badeaux as its registered agent at the 1254 address in its original filing with the Secretary of State in September of 2007.[3] KJMonte also attached a sworn declaration from its manager, Kathleen J. Monte, detailing the alleged breaches that Acadian had committed, and averring that KJMonte had incurred damages in the amount of $600,724.83 as the result of those breaches.[4]

---

[3] The document further provided an address for Acadian in Mandeville, Louisiana. Acadian, however, does not suggest that KJMonte should have attempted service at that address.

[4] In her affidavit, Monte averred that pursuant to the parties' agreement, her company had provided Acadian with financing to construct a number of "home projects" in Bastrop County, but that Acadian had breached its agreement by: (1) selling one of the properties it constructed with KJMonte's funds and absconding with the profits, and (2) failing to complete construction of two other projects and misappropriating the funds KJMonte had given Acadian for their construction.

3

And finally, KJMonte's attorney averred in his affidavit that he had, to date, rendered legal services to KJMonte in the approximate amount of $15,000.

The trial court scheduled a hearing on the motion for July 18, 2019, and KJMonte sent Acadian a notice of the hearing addressed to Badeaux at the 1254 address by certified mail, return receipt requested, but no one from Acadian appeared at the hearing. At the hearing, the trial court took judicial notice of all of the pleadings and affidavits on file. The trial court thereafter entered a default judgment in KJMonte's favor in the total amount of $615,724.83, which included both an award of damages in accordance with Monte's affidavit, and an award of reasonable and necessary attorney's fees.

Based on a certificate of last known address submitted by KJMonte's attorney, the clerk sent Acadian a notice of the default judgment, dated July 19, 2019, to the 1254 address in care of Badeaux. The mailing was returned to the clerk's office with the following notation: "RETURN TO SENDER   ATTEMPTED - NOT KNOWN   UNABLE TO FORWARD." Acadian filed its notice of restricted appeal on January 21, 2020.

## II.  ISSUES ON APPEAL

In one issue with multiple subparts, Acadian contends that the trial court erred in entering a no-answer default judgment because (1) the clerk's citation did not contain a stamped seal, (2) KJMonte did not use reasonable diligence in attempting to serve Badeaux as its registered agent before serving the Secretary of State, (3) KJMonte failed to allege in its petition that service on the Secretary of State was proper, and (4) the record reflects that Acadian did not receive actual notice of KJMonte's lawsuit prior to entry of the default judgment.

### III. STANDARD OF REVIEW

A party can prevail in a restricted appeal only if: "(1) it filed its notice of restricted appeal within six months after the judgment was signed; (2) it was a party to the underlying suit; (3) it did not participate in the actual trial of the case and did not timely file any postjudgment motions or requests for findings of fact and conclusions of law; and (4) error is apparent on the face of the record." *Insurance Co. of the State of Pa. v. Lejeune*, 297 S.W.3d 254, 255 (Tex. 2009) (per curiam); *Collective Interests, Inc. v. Reagan Nat'l Advert.*, No. 03-08-00283-CV, 2010 WL 2977458, at *2 (Tex.App.--Austin July 29, 2010, no pet.) (mem. op.), *citing* TEX.R.APP.P. 26.1(c), 30. The parties agree that the first three elements have been met, and only contest the fourth element--whether error is apparent on the face of the record.

Error is apparent on the face of the record when the record fails to show strict compliance with the rules relating to the issuance, service, and return of citation. *Asset Prot. & Sec. Services, L.P. v. Armijo*, 570 S.W.3d 377, 380-81 (Tex.App.--El Paso 2019, no pet.) *citing Primate Constr., Inc. v. Silver*, 884 S.W.2d 151, 152-53 (Tex. 1994) (per curiam); *see also De La Garza v. Dunn*, No. 03-19-00849-CV, 2021 WL 1202089, at *4 (Tex.App.--Austin Mar. 31, 2021, no pet.) (mem. op.) (recognizing that a no-answer default judgment cannot stand when the defendant was not served in strict compliance with applicable requirements). Because trial courts lack jurisdiction over a defendant who was not properly served with process, and because no-answer default judgments are disfavored in the law, the Texas Supreme Court has held that it will "indulge no presumptions in favor of valid issuance, service, or return of citation," and that instead, proper service must affirmatively appear on the record. *Spanton v. Bellah*, 612 S.W.3d 314, 316-17 (Tex. 2020), *citing Uvalde Country Club v. Martin Linen Supply Co., Inc.*, 690 S.W.2d 884, 885 (Tex. 1985); *see also WWLC Inv., L.P. v. Miraki*, No. 20-0173, 2021 WL 2483765, at *2 (Tex. June 18,

2021) (per curiam) (recognizing that proper citation and return of service are required for the trial court to exercise personal jurisdiction over the defendant). Service of process that does not strictly comply with the rules' requirements is therefore "invalid and of no effect." *Spanton*, 612 S.W.3d at 317.

In a restricted appeal, the prevailing party bears the burden to prove proper service of process. *See U.S. Bank Trust, N.A. as Trustee for LSF8 Master Participation Trust v. Freedom Indeed Found., Inc.*, No. 08-20-00101-CV, 2021 WL 754345, at *2 (Tex.App.--El Paso Feb. 26, 2021, no pet.) (mem. op.), *citing Primate Constr., Inc.*, 884 S.W.2d at 153; *Uvalde Country Club*, 690 S.W.2d at 885 (reversing the entry of a default judgment where the "record" did not reflect strict compliance with the rules of civil procedure relating to the issuance, service, and return of citation); *see also Bank of New York v. Chesapeake 34771 Land Trust*, 456 S.W.3d 628, 631 (Tex.App.--El Paso 2015, pet. denied) (prevailing party bears the burden to prove service of process was proper, including under any of the long-arm statutes authorizing substituted service on the Secretary of State).

## IV. LACK OF A COURT SEAL ON THE CITATION

Acadian first contends that there was error on the face of the record because the citation issued by the district court clerk did not have a court seal affixed or imprinted on it. Acadian contends that the lack of a seal on the face of the citation violates Rule 99 of the Texas Rules of Civil Procedure, which requires, among other things, that a citation be "signed by the clerk under seal of court." TEX.R.CIV.P. 99 (b)(2). In support of its argument, Acadian correctly points out that some courts in the state have interpreted Rule 99 to mean that a citation that does not have a seal appearing on its face is defective. *See, e.g.*, *Midstate Envtl. Services, LP v. Peterson*, 435 S.W.3d 287, 290 (Tex.App.--Waco 2014, no pet.) (concluding that a citation was defective due to

6

the lack of a "seal visible on the copy of the original citation in the clerk's record."); *Paramount Credit, Inc. v. Montgomery*, 420 S.W.3d 226, 233 (Tex.App.--Houston [1st Dist.] 2013, no pet.) (recognizing that the absence of a court seal renders a citation invalid); *Wells v. Hudson & Keyse, LLP*, No. 05-08-00990-CV, 2009 WL 4263825, at *2 (Tex.App.--Dallas Dec. 1, 2009, no pet.) (mem. op.) (holding that "the failure of the clerk to affix [a court] seal to citation is fatal to a default judgment."); *see also Verlander Enters., Inc. v. Graham*, 932 S.W.2d 259, 262 (Tex.App.--El Paso 1996, no pet.) (finding that a citation, which bore neither the court's stamp nor the clerk's signature, was not a validly-issued citation).

However, as KJMonte points out, the Austin Court of Appeals has interpreted Rule 99 differently. That court views Rule 99 to only require the clerk to state that they have signed the citation under seal of court. *See Consol. Am. Indus., Inc. v. Greit-Amberoaks, L.P.*, No. 03-07-00173-CV, 2008 WL 5210925, at *2 (Tex.App.--Austin Dec. 12, 2008, no pet.) (mem. op.) (finding a citation valid where it was signed by a deputy clerk, "as issued and given under my hand and the seal of said court."). And, as set forth above, although no stamped seal was affixed to the citation in the present case, the clerk who issued the citation expressly stated that she was signing the citation "under my hand and seal of said court."

Accordingly, because we are constrained by Rule 41.3 of the Texas Rules of Appellate Procedure to follow the precedent of the Austin court on this issue, and in the absence of any Texas Supreme Court case to the contrary, we conclude that the citation in the present case was not defective due to the lack of a stamped seal. TEX.R.APP.P. 41.3 ("In cases transferred by the Supreme Court from one court of appeals to another, the court of appeals to which the case is transferred must decide the case in accordance with the precedent of the transferor court under

7

principles of stare decisis if the transferee court's decision otherwise would have been inconsistent with the precedent of the transferor court.").

## V. SERVICE ON THE SECRETARY OF STATE

Acadian next contends that the record does not reflect that KJMonte used reasonable diligence in attempting to serve Acadian's registered agent prior to serving the Secretary of State in his place. KJMonte responds that service on the Secretary of State was proper because Acadian failed to either designate or maintain a registered agent in the State, or alternatively, that its registered agent could not, with reasonable diligence, be served at his registered address. We agree with KJMonte's latter argument.

### A. Applicable Law

The Texas Business Organizations Code provides that in order to conduct business in this state, a foreign entity, including a foreign limited liability company such as Acadian, must register with the Secretary of State, and must, among other things, provide the name and address of the "initial registered agent for service of process that Chapter 5 requires to be maintained." TEX.BUS.ORGS.CODE ANN. §§ 9.001(a)(b); 9.004(9). In turn, Chapter 5 of the Code provides that an entity registered under the above provisions, known as a "foreign filing entity," must "designate and continuously maintain in this state" both a registered agent and a registered office for service of process.[5] TEX.BUS.ORGS.CODE ANN. §§ 1.002(29); 5.201(a)(b). The registered agent has a duty to "receive or accept, and forward to the represented entity . . . any process, notice, or demand that is served on or received by the registered agent[.]" TEX.BUS.ORGS.CODE ANN.

---

[5] Acadian does not dispute that it is a foreign filing entity that is governed by the Business Organizations Code, and the record contains undisputed evidence that it made its original filing as a foreign Limited Liability Company (LLC) in September of 2007.

8

§§ 5.201(b)(1)(2); 5.206(a)(1); *see also* TEX.BUS.ORGS.CODE ANN. § 5.2011(a) (the designation of a person as registered agent of an entity in a registered agent filing is an affirmation by the entity that the person named as registered agent has consented to serve in that capacity).

Section 5.251 of the Code provides for two separate instances in which the Secretary of State may become a filing entity's agent for service of process in place of a registered agent:

> The secretary of state is an agent of an entity for purposes of service of process, notice, or demand on the entity if: (1) the entity is a filing entity or a foreign filing entity and: (A) the entity fails to appoint or does not maintain a registered agent in this state; or (B) the registered agent of the entity cannot with reasonable diligence be found at the registered office of the entity[.]

TEX.BUS.ORGS.CODE ANN. § 5.251.[6]   As KJMonte argues that service of process on the Secretary of State was proper under both subsections, we examine the validity of the service under each of the two.

### B.   Did Acadian Fail to Designate or Maintain a Registered Agent?

KJMonte first argues that service on the Secretary of State was proper because Acadian failed to designate or maintain a registered agent as required by subsection (A) because Acadian did not provide a valid address for its registered agent, and instead provided the Secretary of State with a "non-existent" one.   In support of its argument, KJMonte correctly points out that a foreign filing entity has a statutory duty to provide the Secretary of State with a valid address for its registered agent and office, as well as a duty to update the address when necessary, and that its failure to do so constitutes negligence in the "service-of-process context."[7]   *See, e.g.*, *Katy*

---

[6] In addition, a filing entity's initial registration must include a statement that the "secretary of state is appointed the agent of the foreign filing entity for service of process under the circumstances provided by section 5.251." TEX.BUS.ORGS.CODE ANN. § 9.004 (11).

[7] We decline to presume, however, that the 1254 address Acadian provided for Badeaux in its initial registration in 2007 did not exist at that time, as it is possible the City or County could have later made numbering changes on the

9

*Venture, Ltd. v. Cremona Bistro Corp.*, 469 S.W.3d 160, 164 (Tex. 2015). However, KJMonte cites no any authority for the proposition that the failure to provide a valid address for a registered agent, or to update its registered agent's address, is the equivalent of failing to designate or maintain a "registered agent" within the meaning of subsection (A). Instead, the cases cited by KJMonte all address the question of whether a plaintiff used reasonable diligence within the meaning of subsection (B) in attempting to serve an entity's registered agent at the address provided to the Secretary of State, where the process server could not find the registered agent at his registered address, either because the agent had moved away, or because the process server otherwise found the registered address to be vacant.[8]

Moreover, although the requirements of maintaining a registered agent and a registered office at which the agent may be served with process are clearly related, the terms are defined separately in the Code, and therefore appear to have different meanings. The Code defines the term, "registered agent," as the entity or individual on whom process may be served, while defining

---

street causing the address to later become non-existent. Nevertheless, if it did cease to exist, Acadian would have had a duty to update the address with the Secretary of State.

[8] *See, e.g.*, *Katy Venture, Ltd. v. Cremona Bistro Corp.*, 436 S.W.3d 415, 419 (Tex.App.--Dallas 2014), *rev'd on other grounds*, 469 S.W.3d 160 (Tex. 2015) (plaintiff used reasonable diligence where it attempted to serve defendant at registered agent's address, but the evidence demonstrated that agent had moved more than two and a half years earlier, without updating the address); *BLS Dev., LLC v. Lopez*, 359 S.W.3d 824, 827 (Tex.App.--Eastland 2012, no pet.) (plaintiff exercised reasonable diligence in making one attempt to serve defendant's registered agent at address given, where process server found the property to be vacant); *Liberty Label Co., Inc. v. Morgan Adhesives Co.*, No. 04-04-00279-CV, 2005 WL 1475332, at *1 (Tex.App.--San Antonio June 22, 2005, no pet.) (mem. op.) (holding that process server's one attempt to serve registered agent at vacant address constituted reasonable diligence); *Houston's Wild W., Inc. v. Salinas*, 690 S.W.2d 30, 32 (Tex.App.--Houston [14th Dist.] 1985, writ ref'd n.r.e.) (plaintiff exercised reasonable diligence in attempting to serve defendant's registered agent, where defendant provided only a post office box for its registered agent and process server forwarded process to the box number given but its letter was returned unsigned); *Collective Interests, Inc. v. Reagan Nat'l Advert.*, No. 03-08-00283-CV, 2010 WL 2977458, at *4 (Tex.App.--Austin July 29, 2010, no pet.) (mem. op.) (plaintiff exercised reasonable diligence in attempting to serve defendant's registered agent at address given, where agent had moved away two years prior); *Autodynamics Inc. v. Vervoort*, No. 14-10-00021-CV, 2011 WL 1260077*4 (Tex.App.--Houston [14th Dist.] Apr. 5, 2011, no pet.) (mem. op.) (plaintiff exercised reasonable diligence in attempting to serve defendant's registered agent, where evidence established that the registered agent no longer lived at the registered office address).

10

the term, "registered office" as the "street address where process may be personally served on the entity's registered agent." TEX.BUS.ORGS.CODE ANN. §§ 5.201(a)(1)(2), (b), (c). And there is no dispute on the record that Acadian did in fact name Badeaux as its registered agent in its original filing in 2007. In addition, there is no dispute that Badeaux remained as Acadian's designated registered agent at the time of KJMonte's service attempts. The Code contains express provisions on how to change both the name of a designated registered agent, and the method by which a registered agent may resign his position. TEX.BUS.ORGS.CODE ANN. § 5.202(a) (a filing entity or foreign filing entity may change its registered office, its registered agent, or both by filing a statement of the change); TEX.BUS.ORGS.CODE ANN. § 5.204(a) (a registered agent of a filing entity or a foreign filing entity may resign as the registered agent by giving notice to that entity and to the appropriate filing officer). Here, there is nothing in the record to suggest that Acadian designated a different agent, or that Badeaux resigned as Acadian's agent prior to KJMonte's attempts to serve Badeaux.

Accordingly, we disagree with KJMonte's argument that Acadian failed to designate or maintain a registered agent in this state within the meaning of subsection (A) of the Code, and we therefore turn to the question of whether its registered agent could not, with reasonable diligence, be served at its registered address within the meaning of subsection (B).

### C. Did Kjmonte Exercise Reasonable Diligence in Attempting to Serve Acadian's Registered Agent?

Acadian contends that there is nothing in the record to support a finding that KJMonte used "reasonable diligence" in attempting to serve Badeaux before serving the Secretary of State, as required by subsection (B). In particular, Acadian points out that the process server only documented his attempts to serve Badeaux with process in another admittedly unrelated case, but did not attempt to serve Badeaux with KJMonte's petition and citation from this case. In making

11

this argument, Acadian recognizes that making a "single attempt" to serve process at the registered agent's address may be sufficient in some circumstances to demonstrate reasonable diligence, but points out that the record must reflect that there was at least one such attempt before service on the Secretary of State is proper. *See, e.g.*, *J & J Container Mfg., Inc. v. Cintas- R. U.S., L.P.*, No. 01-14-00933-CV, 2015 WL 5829667, at *4 (Tex.App.--Houston [1st Dist.] Oct. 6, 2015, no pet.) (mem. op.) (there must be at least one attempt to serve the registered agent at its registered office before resorting to substituted service.); *see also BLS Dev., LLC v. Lopez*, 359 S.W.3d 824, 827-28 (Tex.App.--Eastland 2012, no pet.) (record must show at least one attempt at service on registered agent at registered office).

We agree with KJMonte, however, that no such attempt was necessary, as it would have been futile under the unique facts of this case. In general, "Texas law does not require the performance of a futile act." *Duncan v. Woodlawn Mfg., Ltd.*, 479 S.W.3d 886, 897 (Tex.App.--El Paso 2015, no pet.), *citing DiGiuseppe v. Lawler*, 269 S.W.3d 588, 594-95 (Tex. 2008). More particularly, the law does not require a process server to engage in service attempts that would be futile. *See Pirate Oilfield Services, Inc. v. Cunningham*, No. 11-19-00080-CV, 2021 WL 1033976, at *4 (Tex.App.--Eastland Mar. 18, 2021, no pet.) (where process server learned that registered address was occupied by new property owners, any other attempts to serve process at the registered address "would have been futile."); *Ingram Indus., Inc. v. U.S. Bolt Mfg., Inc.*, 121 S.W.3d 31, 34 (Tex.App.--Houston [1st Dist.] 2003, no pet.) (noting that one attempt at service constitutes reasonable diligence when it is clear from the record that future attempts would be futile, where it was learned the location had been occupied by some other person or entity for ten years); *G.F.S. Ventures, Inc. v. Harris*, 934 S.W.2d 813, 816-17 (Tex.App.--Houston [1st Dist.] 1996, no pet.) (recognizing that future attempts at service would have been futile after a deputy

attempted to serve the defendant's registered agent at his registered address, but found that the address had been occupied by another resident for nearly a year); *BLS Dev., LLC*, 359 S.W.3d at 827-28 (noting that repeated attempts at service on a vacant property would be futile); *Paramount Credit*, 420 S.W.3d at 231-33 ("We have previously held that one attempt at service constitutes reasonable diligence when it is clear from the record that further attempts would be futile.").

Here, the process server expressly averred in his affidavit that he had learned only three days before receiving the process in this case that the address Acadian provided to the Secretary of State for Badeaux did not exist, and that he therefore could not, with reasonable diligence, serve Badeaux at that address. And, as there is nothing in the record to rebut the process server's statement, we accept it as true. *See, e.g.*, *Primate Const.*, 884 S.W.2d at 152 (a process server's return of service is "not a trivial, formulaic document [and it] has long been considered prima facie evidence of the facts recited therein."), *citing Gatlin v. Dibrell*, 11 S.W. 908, 909 (Tex. 1889). "The return of the officer imports absolute verity, and was sufficient to authorize the rendition of judgment upon default . . . ."); *see also G.F.S. Ventures*, 934 S.W.2d at 816-17 (an officer's recitations in a return of service are given great weight as proof of service). Accordingly, unlike the cases upon which Acadian relies in which there was no clear explanation for why a registered agent could not be served, the process server in the present case provided a clear and unrebutted explanation for why service on Badeaux would not have been feasible. *See, e.g.*, *Paramount Credit*, 420 S.W.3d at 232 (where process server's affidavit was unclear regarding what attempts he made to serve the defendant's registered agent at his registered address, the record did not reflect that plaintiff used reasonable diligence in attempting to serve process on the agent prior to serving Secretary of State); *J & J Container Mfg.*, 2015 WL 5829667, at *3 (reasonable diligence was not shown where the record contained no citation issued by a district clerk, and no return explaining

13

why an attempt at service was unsuccessful).   Accordingly, given the unique facts of this case, we agree with KJMonte that once the process server learned that Badeaux's registered address was "non-existent," it would have been futile for him to attempt service at that address.

Moreover, although the process server's affidavit of nonservice reflects that he learned through his own independent research that Badeaux previously owned property on the same street, KJMonte was not required to attempt service at that location prior to serving the Secretary of State with process.   The Code expressly provides that service on the Secretary of State is proper if the registered agent "cannot with reasonable diligence be found *at the registered office of the entity*." TEX.BUS.ORGS.CODE ANN. § 5.251(1)(B) (emphasis supplied).   Accordingly, it is well-settled that a plaintiff is only required to attempt service at the address given to the Secretary of State, and need not make any attempt to serve the defendant elsewhere.   *See, e.g.*, *Liberty Label Co., Inc. v. Morgan Adhesives Co.*, No. 04-04-00279-CV, 2005 WL 1475332, at *1 (Tex.App.--San Antonio June 22, 2005, no pet.) (mem. op.) (where process server attempted to serve registered agent at registered address, but found house to be vacant, process server was not required to attempt to ascertain agent's new address or telephone number); *Pirate Oilfield Services*, 2021 WL 1033976, at *4 (where process server found that registered agent was not at the registered address, he was not required to attempt to locate agent at any other location).   And, in turn, the fact that KJMonte was aware of a possible alternative location at which Badeaux could be found through the process server's research is irrelevant to the question of whether KJMonte used reasonable diligence in attempting to serve Badeaux at his registered address.[9]   *See, e.g.*, *BLS Dev.*, 359 S.W.3d at 827

---

[9] As the Texas Supreme Court has recognized, a plaintiff's knowledge of a defendant's correct address may be relevant to the question of whether the plaintiff acted negligently with respect to Rule 239a of the Texas Rules of Civil Procedure, which requires the plaintiff to provide the court clerk with the defendant's last known address for purposes of giving the defendant notice of a default judgment.   *See Katy Venture, Ltd. v. Cremona Bistro Corp.*, 469 S.W.3d 160, 164 (Tex. 2015), *citing* TEX.R.CIV.P. 239a.   However, the court has also expressly recognized that such

("process server's attempts to find the registered agent at the second address, or at any other address, were unnecessary and are irrelevant to our determination of reasonable diligence [as the] only relevant attempt of service, for purposes of determining reasonable diligence, is the process server's sole attempt at service on the registered agent at the registered office); *see also Pirate Oilfield Services*, 2021 WL 1033976, at \*3 (focus is solely on the process server's attempts to serve the registered agent at the registered address and not on other steps the process server took to locate the agent).

Accordingly, given the unique circumstances of this case, we conclude that Badeaux could not, with reasonable diligence, be served with process at his registered address, and that service on the Secretary of State was therefore proper under subsection (B) of the Code.

## VI. KJMONTE'S FAILURE TO AMEND ITS PETITION

Acadian next contends that the trial court erred in entering the default judgment, as KJMonte did not allege any facts in its petition to support a finding that service of process on the Secretary of State was proper. Acadian points out that KJMonte only alleged in its original petition that service of process was proper on Badeaux as Acadian's registered agent. It contends, however, that KJMonte was required to amend its petition after it received the process server's affidavit of nonservice on Badeaux to allege that it had used reasonable diligence in attempting to serve Badeaux, and that service of process on the Secretary of State was therefore proper. We conclude, however, that KJMonte was not required to make those allegations in its petition, and

---

knowledge is irrelevant to the question of whether service of process on the Secretary of State was valid, as a plaintiff's only duty is to attempt to serve the defendant's registered agent at his registered address prior to serving the Secretary of State. *Id.*; *see also Nussbaum v. Builders Bank*, 478 S.W.3d 104, 109 (Tex.App.--Fort Worth 2015, pet. denied) (recognizing same distinction).

that instead, the proper inquiry in a restricted appeal of this nature is whether the record as a whole reflects that service on the Secretary of State was proper.

In order to affirm a default judgment in a restricted appeal, the "record" must demonstrate strict compliance with the rules relating to the issuance and service of process, and in turn, it is well-established that the "record" in a restricted appeal consists of "all papers on file in the appeal." *Bank of New York*, 456 S.W.3d at 631; *see also Gonzalez v. Perez*, 587 S.W.3d 819, 822 (Tex.App.--El Paso 2019, no pet.). Therefore, the question of whether the Code's "reasonable diligence" requirement was met prior to service on the Secretary of State may be determined by reviewing the "record as a whole." *See, e.g.*, *Ingram Indus.*, 121 S.W.3d at 34 ("The record as a whole . . . may be considered to determine whether the reasonable-diligence requirement is satisfied."). Significantly, the Austin Court of Appeals has expressly held that the allegations supporting service on the Secretary of State are *not* required to be included in the plaintiff's petition, if the facts supporting such service are otherwise reflected in the record. *See Collective Interests*, 2010 WL 2977458, at *3; *see also BLS Dev.*, 359 S.W.3d at 826-27 (rejecting defendant's argument that plaintiff was required to allege in its petition that the defendant could be served through the Secretary of State, where the record as a whole demonstrated that plaintiff used reasonable diligence in attempting to serve the defendant's registered agent); *Katy Venture, Ltd. v. Cremona Bistro Corp.*, 436 S.W.3d 415, 419 (Tex.App.--Dallas 2014), *rev'd on other grounds*, 469 S.W.3d 160 (Tex. 2015) (although the record must show facts supporting substituted service, there is no requirement that a plaintiff's pleadings include those facts). Nor are we aware of any authority expressly imposing such a pleading requirement on a plaintiff.[10]

---

[10] Acadian's reliance on our opinion in *Bank of New York. v. Chesapeake*, 456 S.W.3d 628, 635-36 (Tex.App.-- El Paso 2015, pet. denied) for the imposition of a pleading requirement is misplaced. In that case, the defendant was

16

Acadian, however, contends that the Austin Court held otherwise in its earlier opinion in *Redwood Grp., L.L.C. v. Louiseau*, 113 S.W.3d 866, 869 (Tex.App.--Austin 2003, no pet.). In that case, the defendant also brought a restricted appeal, in which it argued that the plaintiff did not use reasonable diligence in attempting to serve its registered agent prior to serving the Secretary of State with process. *Id*. at 869. In resolving the appeal, the court stated that a plaintiff's petition must contain jurisdictional allegations to support a particular method of service. *Id.* at 868. Nevertheless, the court in *Redwood* actually reviewed the entire record in determining whether service on the Secretary of State was proper, and did not limit its review to the allegations made in the plaintiff's petition. *Id.* at 868-69 (recognizing that the record in a restricted appeal consists of "all papers on file in the appeal."). In addition, in its more recent opinion in *Collective Interests*, the Austin court held that a plaintiff was *not* required to allege in its petition that service on the Secretary of State was proper, where the record otherwise contained facts supporting a finding of proper service, and we choose to follow that court's latest pronouncement on the issue. And because the record in the present case contains facts that support a finding that service on the Secretary of State was proper, it was not necessary for KJMonte to amend its petition to allege those facts.

a financial institution, and therefore, service of process was governed by section 17.028 of the Texas Practices and Remedies Code, rather than the Business Organizations Code governing service of process on Acadian. *Id.* at 631, *citing* TEX.CIV.PRAC. & REM.CODE ANN. § 17.028. Acadian's reliance on *Blosser v. ROC Funding Group LLC*, No. 01-17-00852-CV, 2018 WL 6378006, at *5 (Tex.App.--Houston [1st Dist.] Dec. 6, 2018, no pet.) is also misplaced. In that case, the court found that service on the Secretary of State was improper, in part because the record reflected that the plaintiff did not attempt service on the defendant's agent before serving process on the Secretary of State. *Id.* at *5-6. The court in *Blosser* did not impose any pleading requirements on the plaintiff as Acadian would have us do, and instead its ruling was based on a review of the record in determining that the plaintiff did not comply with the Code's reasonable diligence requirement. *Id.*

## VII. THE LACK OF ACTUAL NOTICE

Finally, Acadian complains that the record clearly reflects that it did not receive actual notice of KJMonte's lawsuit prior to the entry of the default judgment, pointing out that the Secretary of State's certification stated that it forwarded KJMonte's petition and citation to Badeaux's registered address, but that the process was returned to the office marked: "Return to Sender, Not Deliverable as Addressed, Unable to Forward." According to Acadian, this should be considered "prima facie evidence" that the Secretary of State did not properly serve it with process. This argument, however, reflects a misunderstanding of the Secretary of State's role.

When, as here, a defendant's registered agent cannot with reasonable diligence be served, the plaintiff is authorized to serve process on the Secretary of State as the defendant's agent by delivering duplicate copies of the process to the Secretary's office. TEX.BUS.ORGS.CODE ANN. § 5.252. In turn, the Secretary of State's only duty is to forward the process to the registered agent's most recent address on file with its office by certified mail, return receipt requested. *See id.* § 5.253. [11] And after doing so, when the Secretary of State files a certification (known as a "Whitney Certificate") stating that the Secretary received the process and forwarded it to the registered agent's address. [12] That certification is considered conclusive proof, absent evidence

---

[11] Acadian relies on *GMR Gymnastics Sales, Inc. v. Walz*, 117 S.W.3d 57, 58 (Tex.App.--Fort Worth 2003, pet. denied) for the proposition that when the Secretary of State files a return of service bearing a notation of this nature, this is prima facie evidence that it was sent to an incorrect address. That case, however, is inapposite as the defendant corporation had not designated a registered agent, and it was therefore the plaintiff's responsibility to provide the Secretary of State with a correct address, which it failed to do. Similarly, Acadian's reliance on *U.S. Bank Nat'l Ass'n, Trustee v. Bonney*, No. 05-12-01294-CV, 2013 WL 7149055, at *1 (Tex.App.--Dallas Dec. 13, 2013, no pet.) is misplaced, as the defendant there had also failed to designate a registered agent, and the plaintiff provided a non-existent address to the Secretary of State for service of process.

[12] The certificate is known as a "Whitney Certificate" based on the Texas Supreme Court's holding in *Whitney v. L & L Realty Corp.*, 500 S.W.2d 94 (Tex. 1973), in which the court concluded that such a certificate was necessary in cases in which the Secretary of State has accepted process as a defendant's agent. *MG Int'l Menswear, Inc. v. Robert Graham Designs LLC*, No. 05-18-00517-CV, 2019 WL 642724, at *1, n.3 (Tex.App.--Dallas Feb. 15, 2019, no pet.) (mem. op.) (explaining origin of the term).

of fraud or mistake, that process was properly served in compliance with the Code. *See Campus Investments, Inc. v. Cullever*, 144 S.W.3d 464, 465 (Tex. 2004); *see also Capitol Brick, Inc. v. Fleming Mfg. Co.*, 722 S.W.2d 399, 401 (Tex. 1986) (upholding a default judgment where a Whitney Certificate was in the record, which the court concluded was conclusive evidence, in the absence of any fraud or mistake, that service was valid); *Interaction, Inc./State v. State/Interaction, Inc.*, 17 S.W.3d 775, 779 (Tex.App.--Austin 2000, pet. denied) (evidence of citations of service and the Secretary of State's certificate contained in the record are proof that the defendant was served in compliance with the statutory requirements).

Here, the record reflects that KJMonte's second process server delivered duplicate copies of its petition and citation to the Secretary of State, and that the Secretary of State thereafter fulfilled its statutory duty by forwarding the process to Badeaux's registered address, by certified mail, as reflected in the Whitney Certificate. And Acadian has not alleged that there was any fraud or mistake in that service. To the contrary, the record reflects that it was Acadian's own negligence in failing to comply with its statutory duty to provide the Secretary of State with a valid address for Badeaux that led to its failure to receive actual notice of the lawsuit from the Secretary. *See Katy Venture, Ltd.*, 469 S.W.3d at 164 (defendant's failure to comply with its duty to update its registered agent's address when necessary constituted negligence in the "service-of-process context."), *citing Collective Interests*, 2010 WL 2977458, at *4-5 (defendant's negligence in failing to comply with its statutory duty to update the addresses for its registered office and registered agent was the cause of its failure to receive actual notice of the lawsuit); *see also Campus Inv.*, 144 S.W.3d at 466 (defendant corporation that negligently failed to update the addresses for its registered agent and registered office with the Secretary of State's office could not complain that it failed to receive notice of the suit prior to entry of default judgment). Therefore, the

19

Secretary of State's Whitney Certificate on file herein conclusively established that Acadian was properly served with process.

## VIII. CONCLUSION

Because the record reflects that KJMonte strictly complied with the rules pertaining to the issuance and service of process, the trial court properly entered the default judgment in KJMonte's favor. Appellant's sole issue on appeal is overruled. The trial court's judgment is affirmed.

JEFF ALLEY, Justice

July 30, 2021

Before Rodriguez, C.J., Palafox, and Alley, JJ.