**Opinion issued December 19, 2013.**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-12-00733-CV

_____

**PARAMOUNT CREDIT, INC., D/B/A 5 STAR AUTOPLEX, Appellant**

**V.**

**KIMBERLY MONTGOMERY, Appellee**

---

**On Appeal from the 122nd District Court**
**Galveston County, Texas**
**Trial Court Case No. 11CV1696**

---

## O P I N I O N

Paramount Credit, Inc., which does business as 5 Star Autoplex, appeals a default judgment entered in favor of Kimberly Montgomery. Among other things, Paramount argues that due to improper service, the trial court lacked personal

jurisdiction over Paramount, and the judgment is therefore void. We sustain that issue, and we reverse and remand to the trial court.

**Background**

In October 2010, Paramount sold a car to Montgomery, in exchange for which she traded in another vehicle, made a down payment, and entered into a financing agreement for the balance, with Paramount as the lender. Montgomery alleges that Paramount represented that the purchased vehicle had a factory warranty, but she later learned that the vehicle had a "branded" title, meaning that it not only lacked a warranty, but it had in fact been totaled in an accident. In October 2011, Montgomery sued Paramount for breach of express and implied warranties, breach of contract, negligent misrepresentation, and violation of the Texas Deceptive Trade Practices Act.

Montgomery's Original Petition alleged that "Paramount Credit Inc. d/b/a 5 Star Auto Plex [sic] is a corporation and may be served with citation by serving its registered agent for service at 2724 Crossview #202, Houston, Texas 77063." The day after the suit was filed, a citation was issued to "PARAMOUNT CREDIT INC. D/B/A 5 STAR AUTO PLEX, UPON WHOM PROCESS OF SERVICE [sic] MAY BE HAD BY SERVING ITS REGISTERED AGENT, 2724 CROSSVIEW #202, HOUSTON, TX 77063." This citation bears the signature of a deputy district clerk, but it does not bear a seal of the court. A deputy constable

2

attempted to serve the citation but was unsuccessful. The deputy's signed return states,

> Came to hand on the **10**TH day of **NOVEMBER**, 2011 at **7:10** o'clock **A**M and executed in _____ County, Texas, by delivering to each of the within named defendants, in person true copy of this Citation. [sic] together with the accompany copy of **11CV1696** he [sic] following times and place, to wit:
>
> . . . .
>
> not executed as to the Defendant **PARAMOUNT CREDIT INC DBA 5 STAR AUTO PLEX, 2724 CROSSVIEW #202, HOUSTON, TX. 77063**
> diligence used in finding said Defendant. [sic] attempts being **11/16/11 10:45 AM NO ANSWER CARD LEFT WITH DEPUTY'S CELL #; 3PM PHONE CALLL [sic] FROM RESIDENT ADVISES RENTING SINCE APRIL 2011-BAD ADDRESS**
> the cause of failure to execute this process is **RETURN TO COURT-BAD ADDRESS**

The return was a pre-printed form; the bold text above indicates portions of the return typed in by the deputy. The original citation and return were filed with the trial court.

After the citation was returned unserved, at Montgomery's request a new citation was issued to "PARAMOUNT CREDIT INC. D/B/A 5 STAR AUTO PLEX, Upon Whom Process of Service [sic] may be had by Serving, THE SECRETARY OF THE STATE OF TEXAS, CITATIONS UNIT, P. O. BOX 12079, AUSTIN, TX 78711, WHO SHALL THEN FORWARD A COPY TO: REGISTERED AGENT, MOHAMED MICHMICH, 2724 CROSSVIEW #202,

HOUSTON, TEXAS 77063." The new citation was signed under seal of the court.

The Officer's Return for the new citation states,

> Came to hand January 11, 2012 at 1:07 P.M. and executed in Travis County, Texas, on January 12, 2012 at 11:53 A.M. by delivering to PARAMOUNT CREDIT INC D/B/A 5 STAR AUTO PLEX by delivering to Hope Andrade, Secretary of State of the State of Texas, at 1019 Brazos Street, Austin, Texas, 78701, by delivering to GAYLE MARIE LINEMAN, designated agent for service for the Secretary of State, duplicate true copies of the citation together with accompanying duplicate true copies of the Plaintiff's ORIGINAL petition.

This return was filed in the trial court. Two months later, the Secretary of State certified that "a copy of the Citation and Plaintiff's Original Petition" in Montgomery's suit

> was received by this office on January 12, 2012, and that a copy was forwarded on January 13, 2012, by CERTIFIED MAIL, return receipt requested to:
>
>> Paramount Credit Inc D/B/A 5 Star Auto Plex
>> Registered Agent, Mohamed Michmich
>> 2724 Crossview #202
>> Houston , TX 77063
>
> The PROCESS was returned to this office on March 9, 2012, bearing the notation Unclaimed.

This certification was also filed in the trial court.

By late March 2012, Paramount had not answered the petition, and both returns had been on file with the clerk of the trial court for more than 10 days, as required by the Rules of Civil Procedure. *See* TEX. R. CIV. P. 107(h). Montgomery moved for a default judgment. In May 2012, after a hearing at which

Montgomery and her attorney testified, the trial court entered a default judgment against Paramount for $31,934.96 in actual damages, $63,869.92 in additional damages, $6,000 in attorney's fees, pre-judgment and post-judgment interest, costs of court, and cancellation of the remaining balance of the loan from Paramount to Montgomery. Paramount timely filed a notice of restricted appeal.

## Analysis

To prevail on a restricted appeal, the appellant "must establish that: (1) it filed notice of the restricted appeal within six months after the judgment was signed; (2) it was a party to the underlying lawsuit; (3) it did not participate in the hearing that resulted in the judgment complained of and did not timely file any post-judgment motions or requests for findings of fact and conclusions of law; and (4) error is apparent on the face of the record." *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004); TEX. R. APP. P. 30. Only the fourth element is at issue in this case.

A restricted appeal is a direct attack on the judgment. *Barker CATV Constr., Inc. v. Ampro, Inc.*, 989 S.W.2d 789, 792 (Tex. App.—Houston [1st Dist.] 1999, no pet.). The default judgment can only be sustained if the record before the trial court affirmatively shows that Paramount was served in strict compliance with the Texas Rules of Civil Procedure. *Primate Constr., Inc. v. Silver*, 884 S.W.2d 151, 152 (Tex. 1994) (per curiam); *Barker CATV Constr.*, 989 S.W.2d at 792. If the

5

record before the trial court does not affirmatively show, at the time that default judgment is requested, that the defendant has appeared, was properly served, or waived service in writing, the trial court lacks personal jurisdiction over the defendant. *Marrot Commc'ns, Inc. v. Town & Country P'ship*, 227 S.W.3d 372, 376 (Tex. App.—Houston [1st Dist.] 2007, pet. denied). "In contrast to the usual rule that all presumptions will be made in support of a judgment, there are no presumptions of valid issuance, service, and return of citation when examining a default judgment." *Barker CATV Constr.*, 989 S.W.2d at 792. Failure to comply strictly with the Rules of Civil Procedure constitutes reversible error on the face of the record. *Ins. Co. of State of Pa. v. Lejeune*, 297 S.W.3d 254, 255–56 (Tex. 2009).

A corporation is not a person capable of accepting process on its own behalf, and it therefore must be served through an agent. *See*, *e.g.*, *Wohler v. La Buena Vida in W. Hills Inc.*, 855 S.W.2d 891, 892 (Tex. App.—Fort Worth 1993, no writ). Service may be made on the corporation's registered agent, president, or any vice president. TEX. BUS. ORGS. CODE ANN. §§ 5.201(b), 5.255(1) (West 2012). By statute, Texas domestic corporations must "designate and continuously maintain in this state (1) a registered agent; and (2) a registered office." *Id.* § 5.201(a). "The registered agent . . . is an agent of the entity on whom may be served any process, notice, or demand required or permitted by law to be served on

the entity." *Id.* § 5.201(b)(1). The registered agent may be an individual or an organization. *Id.* § 5.201(b)(2). Whether an individual or an organization, the registered agent must "must maintain a business office at the same address as the entity's registered office." *Id.* § 5.201(b)(3). "The registered office (1) must be located at a street address where process may be personally served on the entity's registered agent; [but] (2) is not required to be a place of business of the filing entity . . . ." *Id.* § 5.201(c).

The Secretary of State becomes an agent for purposes of service of process when a corporation fails to designate a registered agent or when "the registered agent of the entity cannot with reasonable diligence be found at the registered office of the entity." *Id.* § 5.251(1). The law requires strict compliance with these conditions; "[o]nly after the registered agent of a corporation cannot be found with reasonable diligence at the registered office can the Secretary of State act as agent of the corporation for service of process." *Marrot Commc'ns*, 227 S.W.3d at 377. Thus, if this court cannot determine from the face of the record the address at which service was attempted or the individual upon whom service was attempted, a default judgment obtained after service on the Secretary of State cannot stand, even if a corporation has failed to designate and maintain a registered agent and registered office. *RWL Constr., Inc. v. Erickson*, 877 S.W.2d 449, 451–52 (Tex. App.—Houston [1st Dist.] 1994, no writ). Similarly, this court has overturned a

7

default judgment rendered when the registered office was vacant, but evidence of that fact was not in the record at the time of default judgment. *Marrot Commc'ns*, 227 S.W.3d at 378–79.

We cannot affirm a default judgment unless it is clear from the face of the record upon whom the attempted service of process was made, where, when, how, and in what capacity. For example, if "Henry Bunting, Jr.," is the registered agent of an entity, but "Henry Bunting" is actually served and it is not clear from the record that the latter was authorized to accept process, the default judgment must be reversed. *Uvalde Country Club v. Martin Linen Supply Co.*, 690 S.W.2d 884, 885 (Tex. 1985) (per curiam); *see also Hercules Concrete Pumping Serv., Inc. v. Bencon Mgmt. & Gen. Contracting Corp.*, 62 S.W.3d 308, 310–11 (Tex. App.— Houston [1st Dist.] 2001, pet. denied) (service invalid as against Hercules Concrete Pumping Service, Inc., when return showed service on "Hercules Concrete Pumping"). Similarly, if the record is unclear as to which address was used for the attempt or when the attempt was made, the judgment will be reversed. *RWL Constr.*, 877 S.W.2d at 451–52. The judgment will also be overturned when the return fails to show a manner of service, but makes a conclusory statement such as that delivery was accomplished "by serving" an individual. *E.g.*, *Watson Van & Storage Co. v. Busse*, 451 S.W.2d 557, 558 (Tex. Civ. App.—Houston [1st Dist.] 1970, no writ).

8

In this case, there is no dispute that only one attempt at direct service of Paramount was made and that the attempt was unsuccessful. Rather, the parties dispute whether Montgomery exercised reasonable diligence in attempting to serve Paramount's registered agent at its registered office prior to serving the Secretary of State. "When a citation has been returned unserved, the officer's return must itself show the diligence used by the officer to execute the citation and the cause of his failure to execute." *David A. Carl Enters., Inc. v. Crow-Shutt #14*, 553 S.W.2d 118, 120 (Tex. App.—Houston [1st Dist.] 1977, no writ) (citing TEX. R. CIV. P. 107).

Paramount has named a registered agent, Mohamed Michmich, who was named in the second citation which was used to effect substituted service and in the resulting Secretary of State's certificate. Montgomery's petition, however, did not name the registered agent, nor did the first citation which the deputy constable attempted to serve.

The original citation directed only that service be made upon the registered agent of Paramount, but it did not identify the agent by name. Although the registered agent for a corporation could be an individual or an organization, TEX. BUS. ORGS. CODE ANN. § 5.201(b)(2) (West 2012), the citation provided no guidance to the process server as to whether it would be serving an individual or an organization. The officer's return does not use the term "registered agent" or name

9

any individual with whom the deputy interacted. On the contrary, it indicates only that there was "no answer" when the deputy attempted service. It states that the deputy left a card, and that "resident advises renting since April 2011—Bad Address." Although somebody apparently called the deputy in response to the attempt to serve process, the return does not identify the "resident" who found the card and called the deputy or what inquiry the officer made. It provides no information from which it can be assumed that the deputy spoke with the individual designated as Paramount's registered agent, Michmich. Indeed the record suggests otherwise, considering that instead of arranging to accept service of process, the caller "advise[d] renting since April 2011"—a period of seven months—leading the officer to conclude he had a "bad address."

The facts stated in the officer's return are insufficient to support that conclusion. We cannot determine whether the deputy asked for "Paramount Credit," "5 Star Auto Plex," "Registered Agent," or some other person, office, or entity. It is entirely plausible on the face of the record that the deputy simply spoke with the wrong person, someone who did not have enough knowledge to respond differently. Regardless of who contacted the deputy, there is no basis upon which we can conclude that the deputy was able to communicate that he was attempting to serve process on Mohamed Michmich. The person on the other end of the phone call may not have known anything about Paramount Credit or 5 Star

10

Auto Plex, but he may have known the whereabouts of Michmich. Because the citation did not give the deputy sufficient information to ask the right question, there was no way he reasonably could have concluded that he had been given a bad address.

We have previously held that one attempt at service constitutes reasonable diligence when it is clear from the record that further attempts would be futile. For example, if the return identifies "the person upon whom service was attempted," but indicates the citation could not be executed because the location had been occupied by some other person or entity for ten years, future attempts would be futile. *Ingram Indus., Inc. v. U.S. Bolt Mfg., Inc.*, 121 S.W.3d 31, 34 (Tex. App.—Houston [1st Dist.] 2003, no pet.). Similarly, future attempts would have been futile when a deputy attempted to serve Michael E. Moore but found that the address given was and had been the Goodson residence for nearly a year and that the Goodsons still received occasional mail for Moore and other former residents. *G.F.S. Ventures, Inc. v. Harris*, 934 S.W.2d 813, 816–17 (Tex. App.—Houston [1st Dist.] 1996, no pet.); *see also BLS Dev., LLC v. Lopez*, 359 S.W.3d 824, 827–28 (Tex. App.—Eastland 2012, no pet.) (repeated attempts at service on a vacant property would be futile). These cases are not applicable to the facts of this case. Here, it is impossible to tell what inquiry the deputy made, who responded, or what the actual contents of that response might have been. To support the default

11

judgment, the officer's citation itself must affirmatively show the exercise of reasonable diligence. *David A. Carl Enters.*, 553 S.W.2d at 120. It is not clear from the record that one attempt at service constituted reasonable diligence under the facts before us.

This case is similar to *Uvalde Country Club v. Martin Linen Supply Co.*, 690 S.W.2d 884 (Tex. 1985) (per curiam), in which the Supreme Court of Texas held that omission of part of the registered agent's name from the citation and return invalidated service. 690 S.W.2d at 885. In that case, the Court held that service was invalid due to the omission of the suffix "Jr." in the agent's name. *Id.* Here, there was no name whatsoever given for Paramount's registered agent on the original citation or return. The record must affirmatively show that the person upon whom service was attempted was, in fact, the registered agent. *Id.*; *see also Mobile Pipe–Dillingham v. H.E. Stark*, 468 S.W.2d 552, 554 (Tex. App.—Beaumont 1971, no writ) (when no statements in the petition or citation established identity of registered agent and no evidence was reported, service on purported agent was defective); *Pharmakinetics Labs., Inc. v. Katz*, 717 S.W.2d 704, 706 (Tex. App.—San Antonio 1986, no writ) ("It should be noted that when serving an agent for a corporation or other entity, the citation must affirmatively show that the individual served is in fact the agent for service." (citation omitted)).

It is true that the second citation, served on the Secretary of State, and the Secretary of State's certificate contain the phrase "Registered Agent, Mohamed Michmich." But as this court explained in *Marrot Communications, Inc. v. Town and Country Partnership*, 227 S.W.3d 372 (Tex. App.—Houston [1st Dist.] 2007, pet. denied), the certificate does not establish that the "defendant's registered agent could not, with reasonable diligence be found at the registered office" prior to service on the Secretary of State. *Id.* at 378 (quotation marks omitted) (citing *Ingram Indus.*, 121 S.W.3d at 34). That is the critical issue in this case, and the Secretary of State's certificate is no evidence that Montgomery exercised reasonable diligence.

We also note an additional error on the face of the original citation. The original citation was not "signed by the clerk under seal of court," as required by Rule of Civil Procedure 99(b)(2). The absence of a seal renders the original citation invalid. TEX. R. CIV. P. 99(b)(2); *see also Verlander Enters., Inc. v. Graham*, 932 S.W.2d 259, 262 (Tex. App.—El Paso 1996, no pet.).

The original deputy's return is also defective. It does not bear the name of the case in which the citation was issued. TEX. R. CIV. P. 107(b)(1). It does not identify "the court in which the case is filed." TEX. R. CIV. P. 107(b)(2). It does not state "the manner of delivery of service or attempted service." TEX. R. CIV. P. 107(b)(8). And it does not show "the diligence used by the officer . . . to

13

execute the same and the cause of failure to execute, and where the defendant is to be found, if ascertainable." TEX. R. CIV. P. 107(d).

Accordingly, we conclude there is error on the face of the record. The record does not affirmatively show that Montgomery exercised reasonable diligence in attempting to serve Paramount's registered agent at its registered office prior to serving the Secretary of State. Thus, the trial court lacked personal jurisdiction over Paramount at the time of the default judgment, and that judgment must be reversed.

We sustain Paramount's first issue.

Because we have found reversible error on the face of the record, we need not address Paramount's other arguments on appeal.

## Conclusion

We reverse the default judgment and remand to the trial court for further proceedings in accordance with this opinion.


Michael Massengale
Justice

Panel consists of Justices Keyes, Higley, and Massengale.