**Affirmed and Memorandum Opinion filed February 16, 2023.**



In The

# Fourteenth Court of Appeals

### NO. 14-21-00477-CV

## ALBERT AUSTIN D/B/A J. BRIDAL, Appellant

## V.

## AMERICAN MATAR INTERNATIONAL, INC. D/B/A STATEWIDE COMMERCIAL INSURANCE BROKERS, Appellee

**On Appeal from the 189th District Court
Harris County, Texas
Trial Court Cause No. 2019-19212**

## MEMORANDUM OPINION

Albert Austin d/b/a J. Bridal (pro se) appeals a summary judgment on a bill of review in favor of American Matar International, Inc. d/b/a Statewide Commercial Insurance Brokers raising several issues on appeal. For the reasons below, we affirm the trial court's judgment.

### BACKGROUND

Austin purchased liability insurance for his bridal shop through Statewide

Commercial Insurance Brokers,[1] Mount Vernon Fire Insurance Company, United States Liability Insurance Group, and GPM Houston Property, LTD. After his bridal shop was damaged by a fire and his property damage claim was denied, Austin filed suit on October 30, 2015, asserting claims for promissory estoppel, negligence, breach of express and implied warranties, fraud, and breach of contract against Statewide Commercial Insurance Brokers, Mount Vernon Fire Insurance Company, United States Liability Insurance Group, and GPM Houston Property, LTD. In his petition, Austin stated that "Statewide Commercial Insurance Broker is a California Corporation with its principal place of business located at 2500 W. Colorado Blvd, Suite 333, Pasadena, California 91107. Defendant may be served with process by serving the Texas Commissioner of Insurance, 333 Guadalupe, P.O. Box 149104, Austin, Texas 79714-9104."

Austin directed service of process on Statewide by serving the Texas Commissioner of Insurance with instructions to forward the citation and plaintiff's original petition to "2500 West Colorado Blvd Suite 333 Pasadena CA 91107." On July 22, 2016, the commissioner issued a certification of service stating (1) "THIS IS TO CERTIFY THAT On November 17, 2015, the Commissioner of Insurance of

---

[1] The certificate of liability insurance lists Statewide Commercial Insurance Brokers not American Matar International, Inc. d/b/a Statewide Commercial Insurance Brokers as producer. Statewide Commercial Insurance Brokers is an assumed name of American Matar International, Inc. American Matar International, Inc. d/b/a Statewide Commercial Insurance Brokers is a California for-profit corporation with a principal place of business at 2406 N. Lake Ave., Altadena, California 91001. American Matar International, Inc. registered in Texas as a foreign corporation on January 18, 2010, providing "2500 E Colorado Blvd #230, Pasadena, CA, USA 91107" as its principal place of business. It listed as its registered agent National Registered Agents, Inc. with a registered office at "16055 Space Center Blvd. Ste. 235 Houston TX 77062." It filed a Statement of Change of Address of Registered Agent with the Texas Secretary of State on December 2, 2013, providing its registered agent's address as "1999 Bryan St., Ste. 900, Dallas, Texas 75201 – 3136." Matar updated its California registration on October 8, 2015, to identify Lana Matar as its registered agent for service of process and its registered office and principal place of business as 2406 N. Lake Ave., Altadena, California 91001.

2

the State of Texas . . . received a citation and Plaintiff's Original Petition and Affidavit for service on Statewide Commercial Insurance Broker"; and (2) "THIS IS TO FURTHER CERTIFY THAT on December 8, 2015, the above captioned documents were forwarded to Statewide Commercial Insurance Broker, Attention: Lana Matar, Senior Underwriter, at 2500 W. Colorado Blvd., Suite 333, Pasadena, CA 91107, by certified mail, return receipt requested No. 7015 0640 0002 7138 3492. Documents were returned undelivered on March 14, 2016."

On March 28, 2016, Austin filed a motion for default judgment against Statewide. The trial court signed a default judgment against Statewide on July 15, 2016, awarding Austin $150,000.00 in damages. Matar d/b/a Statewide then filed its original petition for bill of review on March 15, 2019, and a first amended petition for bill of review on June 7, 2019. In its live pleading, Matar asserted that (1) a corporation is not a person capable of accepting process on its own behalf, and it therefore must be served through an agent; (2) service of process may be made on the corporation's registered agent, president, or any vice president; (3) corporations must designate and continuously maintain a registered agent and a registered office in Texas; and (4) the Secretary of State or the Commissioner of Insurance becomes an agent for purposes of service of process only when the corporation fails to designate a registered agent or when the registered agent of the entity cannot with reasonable diligence be found at the registered office of the entity. Matar then asserted:

> Firstly, at all relevant times Statewide maintained a registered agent and office for service of process in this State: National Registered Agents, Inc., 1999 Bryan St. 900, Dallas, Texas 75201. Second, its principal place of business, taken from its 2010 registration as a foreign for-profit corporation was Unit 230 at 2500 East Colorado Boulevard in Pasadena, California, not 2500 W. Colorado Blvd., Ste, 333, Pasadena, California 1107. Third, Plaintiff in fact moved its headquarters from Colorado Boulevard to the Lake Avenue address in Altaneda in October

3

of 2015, which move Plaintiff publicly reported in its October 8, 2015 Statement of Information designating as its agent and address for service of process: Lana Matar, 2406 N. Lake Ave., Altaneda Ave., California 91001. Because Defendant directed service of process elsewhere, the underlying judgment is void, since Plaintiff was not served with process in the underlying suit.

On July 8, 2020, Austin filed "Objections and Responses to Plaintiff's First Amended Petition for Bill of Review, Motion to Dismiss and Motion to Strike, ('Plaintiff's Motion to set aside this Court's Order of Default Judgment against Plaintiff')." Austin argued that Matar's bill of review should be denied and the default judgment against Matar d/b/a Statewide should be upheld because, among other things, (1) Matar's bill of review is time-barred; (2) Matar "was fully served through the [C]ommissioner of Insurance and personal service by certified mail return receipt;" (3) "[s]ervice of process must be made on the corporation's registered agent, President or vice president, but in this instant case, Statewide was not specified on its filing with the State of Texas, nor can it be found with the Commissioner of Insurance record, Defendant had no other alternative than to serve the Commissioner of Insurance as the statutes specified;" and (4) Statewide did not maintain a registered agent and office for service of process in this state.

On May 6, 2021, Matar filed a motion for summary judgment, contending it is entitled to judgment as a matter of law because the summary judgment evidence establishes that Matar (1) timely filed its petition for bill of review; (2) "established a registered office and registered agent in the State of Texas in 2010;" (3) "maintained a registered office and registered agent in the State of Texas continuously from 2010 throughout the tenure of the Underlying Case;" (4) "maintains a registered office and registered agent in the State of Texas even today;" (5) "has never occupied any facilities at 2500 West Colorado, Suite 333, in Pasadena, California;" (6) "openly maintained an office at 2500 East Colorado, Suite 230, in

4

Pasadena, California;" (7) has a principal place of business and a registered office in California which "were in the publicly available information at all material times;" (8) has a registered office and registered agent in Texas that "were in the publicly available information at all material times;" (9) "never was served with process in the Underlying Case;" and (10) "never received notice of the motion for default judgment" or "notice of the issuance of the default judgment at the time the court entered it." A few weeks later, Austin filed "Defendant's Objections and Responses to Plaintiff [Matar]'s Motion for Summary Judgment Against Defendant."

On July 19, 2021, the trial court held a hearing on Matar's motion for summary judgment. That same day, the court signed an order granting Matar summary judgment and ordering that Matar's petition for a bill of review be granted and the default judgment of July 15, 2016 in favor of Austin and against Matar d/b/a Statewide be vacated. Austin filed a timely notice of appeal.

## ANALYSIS

Austin presents the following issues on appeal:

1. Whether bill of review Plaintiff['s] negligent failure to update its registration with State of Texas to add its fictitious name Statewide Commercial Insurance Broker contributed to the lack of actual service; its parent name, [Matar] was concealed to [Austin], and whether there is a fact issue as to negligence also contributed to its failure to receive notice of the default judgment.

2. Whether the trial court erred in granting the summary Judgment. Restored parties to original position but failed to mandate bill of review Plaintiff to answer the complaint on Cause No. 2015-65356 within (30) days.

3. Whether granting a final summary judgment on bill of review is proper when the bill of review Plaintiff failed to perfect its bill of review by posting security bond in the amount equal to court judgment as Texas Statutes requires [sic].

4. Whether the trial court erred and misapply [sic] the law when the

bill of review Plaintiff's fictitious name Statewide Commercial Ins. Broker was not listed in State of Texas registration form on January 18, 2010. Listed as N/A (Non Applicable) and hence claimed the service process served to Statewide by mailing certified, return receipt, true copy of the citation with copy of petition attached to Statewide at 2500 E. Colorado Blvd, Suite 330, CA 91107 was ineffective.

5. The movant failed to establish as a matter of law that there is no genuine issue of fact as to each of the several grounds asserted in a motion upon which the trial court could base [a]n summary judgment, moreover, it came to this court with unclean hands.

## I.    Bill of Review

We first consider Austin's complaints that the trial court erroneously granted Matar summary judgment on Matar's bill of review and ordered the July 15, 2016 default judgment against Matar d/b/a Statewide to be vacated.

### A.    *Standard of Review and Applicable Law*

We review a trial court's ruling on a motion for summary judgment *de novo*. *Tarr v. Timberwood Park Owners Ass'n, Inc.*, 556 S.W.3d 274, 278 (Tex. 2018); *Texan Land & Cattle II, Ltd. v. ExxonMobil Pipeline Co.*, 579 S.W.3d 540, 542 (Tex. App.—Houston [14th Dist.] 2019, no pet.). We consider all the evidence in the light most favorable to the nonmovant, crediting evidence favorable to the nonmovant if a reasonable factfinder could do so, and disregarding contrary evidence unless a reasonable factfinder could not. *See Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 582 (Tex. 2006). We must affirm the summary judgment if any of the movant's theories presented to the trial court and preserved for appellate review are meritorious. *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 216 (Tex. 2003). The party seeking a traditional summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c); *Mann Frankfort Stein & Lipp Advisors, Inc.*

6

*v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009).

A bill of review is an independent action brought to set aside a judgment that is no longer appealable or subject to challenge by a motion for new trial. *Caldwell v. Barnes*, 154 S.W.3d 93, 96 (Tex. 2004) (per curiam); *Wembley Inv. Co. v. Herrera*, 11 S.W.3d 924, 926-27 (Tex. 1999) (per curiam). The residual four-year statute of limitations applies to bills of review.[2] *Caldwell v. Barnes*, 975 S.W.2d 535, 538 (Tex. 1998); *see Ross v. Nat'l Ctr. for the Emp't of the Disabled*, 197 S.W.3d 795, 798 (Tex. 2006) (per curiam).

Ordinarily, to obtain an equitable bill of review, the plaintiff must plead and prove (1) a meritorious claim or defense, (2) which the plaintiff was prevented from making by official mistake or by the opposing party's fraud, accident, or wrongful act, (3) unmixed with any fault or negligence on the plaintiff's part. *See Valdez v. Hollenbeck*, 465 S.W.3d 217, 226 (Tex. 2015); *Maree v. Zuniga*, 577 S.W.3d 595, 600 (Tex. App.—Houston [14th Dist.] 2019, no pet.). A bill-of-review plaintiff who shows non-service of process is relieved of proving the first two elements set out above. *See Peralta v. Heights Med. Ctr., Inc.*, 485 U.S. 80, 84, 87 (1988); *Caldwell*, 154 S.W.3d at 96-97. The phrase "service of process" here refers to the service of citation that gives a defendant notice of the pending suit. *See* Tex. R. Civ. P. 99.

However, a bill-of-review plaintiff who alleges it was not served must still prove the third element required in a bill-of-review proceeding, *i.e.*, that the judgment was rendered unmixed with any fault or negligence. *Caldwell*, 154 S.W.3d at 97. This final element is conclusively established if the plaintiff can prove that it was never served with process because one who is not served with process cannot

---

[2] Summary judgment evidence shows that Matar d/b/a Statewide never received service of process or a citation, and it did not learn about the July 15, 2016 default judgment until January 31, 2019. Matar filed its petition for bill of review on March 15, 2019, which is within the four-year limitations period.

be at fault or negligent in allowing a default judgment to be rendered. *See id.* Thus, proof of non-service conclusively establishes the third and only element that a bill-of-review plaintiff is required to prove when asserting lack of service of process as its only defense. *Id.*; *see Ross*, 197 S.W.3d at 798.

The Texas Supreme Court has "required that strict compliance with the rules for service of citation affirmatively appear on the record in order for a default judgment to withstand direct attack." *Primate Constr., Inc. v. Silver*, 884 S.W.2d 151, 152 (Tex. 1994) (per curiam); *see Wilson v. Dunn*, 800 S.W.2d 833, 836 (Tex. 1990). If the record before the trial court does not affirmatively show, at the time that default judgment is requested, that the defendant has appeared, was properly served, or waived service in writing, the trial court lacks personal jurisdiction over the defendant. *Paramount Credit, Inc. v. Montgomery*, 420 S.W.3d 226, 230 (Tex. App.—Houston [1st Dist.] 2013, no pet.). "'In contrast to the usual rule that all presumptions will be made in support of a judgment, there are no presumptions of valid issuance, service, and return of citation when examining a default judgment.'" *Id.* (quoting *Barker CATV Constr., Inc. v. Ampro, Inc.*, 989 S.W.2d 789, 792 (Tex. App.—Houston [1st Dist.] 1999, no pet.)).

### B.    *Application*

In his first issue, Austin asserts that the evidence is insufficient to show that Statewide did not receive actual notice of the Complaint from either from J. Bridal or the Department of Insurance "irrespective of negative certification." He asserts that Statewide was served at its correct address on East Colorado Boulevard in Pasadena, California.

The evidence supports the trial court's implied finding that Statewide was not served on East Colorado Boulevard in Pasadena. First, Austin directed service of process on Statewide by serving the Texas Commissioner of Insurance through a

process server with instructions to forward the citation and Austin's original petition to "2500 *West* Colorado Blvd Suite 333 Pasadena CA 91107" (emphasis added). When the Commissioner of Insurance attempted service of process there, the documents "were returned undeliverable on March 14, 2016," and Austin was informed of that fact by the commissioner's office. Although Austin claims that the documents were returned as undelivered because Statewide "bluntly refused to accept them," there is no evidence in the record to support such a claim.

Austin's contention that Statewide was served at its correct address via certified mail return receipt requested is also unsupportable under Texas law. While Austin introduced a copy of a U.S. Postal Service certified mail receipt stamped April 4, 2016, showing Austin as the sender to American Matar International Inc. d/b/a Statewide Commercial Insurance Brokers at "2406 North Lake Ave., Altadena, California 91001," as well as "Statewide Commercial Insurance Broker" with an address at "2500 E. Colorado Blvd No. 230-330, Pasadena, CA 91107," he is not authorized to effect service as a matter of clearly established law because he is a party. *See* Tex. R. Civ. P. 103. The trial court recognized this unavoidable fact when it said: "That's not service. That's not service. You're not authorized — you're not authorized to serve. . . . Because you have an interest in the case." *See also Worldwide Autotainment, Inc. v. Galloway*, No. 14-17-00761-CV, 2019 WL 386056, at *3 (Tex. App.—Houston [14th Dist.] Jan. 31, 2019, no pet.) (mem. op.).

The summary judgment evidence establishes that Matar d/b/a Statewide did not receive service of process before the trial court signed the July 15, 2016 default judgment; therefore, the trial court lacked personal jurisdiction. *See Montgomery*, 420 S.W.3d at 230 (if the record before the trial court does not affirmatively show, at the time that default judgment is requested, that the defendant has appeared, was properly served, or waived service in writing, the trial court lacks personal

9

jurisdiction over the defendant.).  Accordingly, we overrule Austin's first issue.[3]

## II.    Failure to Order Plaintiff to Answer

Austin contends in his second issue as follows:

> The trial court granted final summary judgment in favor of bill of review Plaintiff, and judgment restored the parties to their original position on the case, required the trial court to mandate the bill of review Plaintiff to file an answer within thirty (30) days after the judgment was vacated.  In Texas courts, when a default judgment is vacated by the process of bill of review and by summary judgment, it is within the power of the trial court to mandate the bill of review Plaintiff to answer the complaint on the original case within thirty (30) days.  But in this instant case, the trial court failed to mandate the bill of review Plaintiff to answer the complaint.

Austin appears to fault the trial court for not ordering Matar to file an answer in the underlying suit while acknowledging that it is within the court's discretion "to mandate the bill of review Plaintiff to answer the complaint on the original case" within 30 days after the judgment was vacated.  Austin cites no authorities which state that a trial court must order a bill-of-review plaintiff to answer the petition in the underling case after vacating the default judgment.  Nor does Austin provide any argument regarding why he believes the trial court's failure to order Matar to file an answer to his petition constitutes an abuse of discretion in this case.  Because Austin fails to develop any argument and provide any citation to authorities, he has waived his issue.  *See* Tex. R. App. P. 38.1(i).  Accordingly, we overrule Austin's second issue.

## III.  Supersedeas Bond

In his third issue, Austin asserts that granting summary judgment on Matar's

---

[3] In light of our disposition of Austin's first issue, we do not address his fourth and fifth issues.  *See* Tex. R. App. P. 47.1.

bill of review was improper because "the bill of review Plaintiff failed to perfect its bill of review by posting security bond in the amount equal to [the] court judgment as Texas Statutes requires [sic]." Citing Texas Civil Practice and Remedies Code section 52.006 and Texas Rule of Appellate Procedure 24.2, Austin claims the trial court should have ordered Matar "to post a security bond in the amount equal to the court judgment plus court costs and interest."

However, neither section 52.006, Rule 24.2, nor any other authorities support Austin's claim that a bill-of-review plaintiff must post a "security bond in the amount equal to [the] court judgment" in the underlying case when there is no judgment because it has been vacated based on the absence of jurisdiction because a defendant is not served. The underlying default judgment no longer exists once it is vacated by the trial court and a bond cannot secure a vacated, *i.e.*, non-existent judgement. Accordingly, we overrule Austin's third issue.

## IV. Request for Sanctions

In its appellate brief, Matar requests that we "find Austin's appeal to be frivolous" and award "just damages" because Austin is a "vexatious litigant, deserving of sanctions."

If we determine that an appeal is frivolous, we may, on the motion of a party or on our own initiative, award the prevailing party "just damages." *See* Tex. R. App. P. 45. "To determine whether an appeal is frivolous, we review the record from the viewpoint of the advocate and decide whether the advocate had reasonable grounds to believe the case could be reversed." *Glassman v. Goodfriend*, 347 S.W.3d 772, 782 (Tex. App.—Houston [14th Dist.] 2011, pet. denied) (en banc). We are not required to sanction every frivolous appeal; rather, the imposition of sanctions is a discretionary decision exercised with prudence and caution only after careful deliberation in truly egregious circumstances. *See id*.; *Goss v. Houston Cmty.*

11

*Newspapers*, 252 S.W.3d 652, 657 (Tex. App.—Houston [14th Dist.] 2008, no pet.). Sanctions are not appropriate when, despite the failure to convince us on appeal, the appellant's argument has a reasonable basis in law and constitutes a good-faith challenge to the trial court's judgment. *Goss*, 252 S.W.3d at 657.

After reviewing the record, we decline to award sanctions for a frivolous appeal. We deny Matar's request for damages under Rule 45.

## CONCLUSION

We affirm the trial court's summary judgment.

/s/     Meagan Hassan
          Justice

Panel consists of Justices Bourliot, Hassan, and Wilson.