

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-24-00201-CV

_____

ARETHA HALL, Appellant

V.

MANSFIELD INDEPENDENT SCHOOL DISTRICT AND DOES 1-10, Appellees

On Appeal from the 96th District Court
Tarrant County, Texas
Trial Court No. 096-345950-23

Before Kerr, Birdwell, and Bassel, JJ.
Memorandum Opinion by Justice Kerr

## MEMORANDUM OPINION

Appellant Aretha Hall appeals from an order granting the Mansfield Independent School District's Rule 91a motion and dismissing her claims. *See* Tex. R. Civ. P. 91a. Hall complains that the trial court erred by granting the Rule 91a motion for two reasons: (1) Mansfield ISD filed its Rule 91a motion after its deadline had passed; and (2) the trial court improperly considered evidence by granting the Rule 91a motion. We affirm.

## I. Background and Procedural History

Hall teaches at Timberview High School in Mansfield ISD. During the 2021–22 school year, a student's disruptive behavior escalated to the point that the student had begun making terroristic threats toward Hall. Hall reported this conduct—which she believed to be criminal—to school administrators. After Mansfield ISD did not address the situation to Hall's satisfaction, she took medical leave and has not returned to work.

In 2023, Hall sued Mansfield ISD and John Does 1–10, seeking over $1,000,000 in compensatory and punitive damages. Hall alleges that the student's threats caused her to have a mental and emotional breakdown preventing her from being on Timberview's campus. She also pleaded that while on leave, she learned that the student had been involved in an on-campus shooting, "sending her in an emotional and mental breakdown tailspin."

Hall pleaded several liability theories: (1) Texas Safe Schools Act violations under Chapter 37 of the Texas Education Code, (2) retaliation and wrongful termination, (3) tortious interference with employment contract, (4) breach of contract, (5) intentional infliction of emotional distress, (6) civil conspiracy, and (7) principal–agent liability.

Hall's petition also stated that service was proper on Mansfield ISD through its superintendent, Dr. Kimberly Cantu. But the officer's return indicates that a process server served Alicia Heimbigner. Mansfield ISD did not move to quash, but it disputed service through email between counsel. Eventually, Mansfield ISD signed a waiver of service.

Then—fewer than 60 days after this service waiver—Mansfield ISD filed a Rule 91a motion to dismiss. Mansfield ISD argued that no private cause of action exists under the Texas Safe Schools Act and that Hall had not pleaded around Mansfield ISD's governmental immunity in asserting her other claims. As to Hall's breach-of-contract claim, Mansfield ISD argued that Hall had inadequately pleaded facts on that claim and had failed to affirmatively plead that she had exhausted her administrative remedies.

In response, Hall argued that Mansfield ISD's motion was untimely, claiming that the deadline should have run from the date Hall served Heimbigner and not the date of the service waiver. Additionally, Hall—with little to no analysis—argued for the survival of the following claims: (1) Texas Safe Schools Act violations, (2) tortious

3

interference with contract and breach of contract, and (3) intentional infliction of emotional distress and civil conspiracy. The Court held a hearing and granted the Rule 91a motion "as to all of Plaintiff's claims."[1]

## II. Jurisdictional Challenges under Rule 91a and the Standard of Review

Immunity from suit deprives a court of subject-matter jurisdiction. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 224 (Tex. 2004) (op. on reh'g); *Univ. of N. Tex. Health Sci. Ctr. v. Gonzalez*, No. 02-22-00310-CV, 2023 WL 2926263, at *3 (Tex. App.—Fort Worth Apr. 13, 2023, no pet.). To establish subject-matter jurisdiction, a plaintiff must allege facts that affirmatively demonstrate the court's jurisdiction to hear the claim. *Town of Shady Shores v. Swanson*, 590 S.W.3d 544, 550 (Tex. 2019). In suits against school districts, plaintiffs bear the concomitant burden of affirmatively establishing a waiver of governmental immunity. *Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 655 & n.2 (Tex. 2008); *see Tex. Dep't of Transp. v. Jones*, 8 S.W.3d 636, 638 (Tex. 1999).

---

[1]The dismissal order stated that it disposed "of all claims and all parties," but it did not specifically mention John Does 1–10. Hall did not serve John Does 1–10—and none appeared—before the trial court signed the dismissal order. Thus, the case stands as if there was a discontinuance as to the John Doe defendants, making the dismissal order final and appealable. *See Youngstown Sheet & Tube Co. v. Penn*, 363 S.W.2d 230, 232 (Tex. 1962); *DFW Inv. Props. Enters., LLC v. Aguinaga*, No. 02-22-00501-CV, 2023 WL 4114834, at *2 (Tex. App.—Fort Worth June 22, 2023, no pet.) (mem. op.); *Gonzalez v. Gonzalez*, No. 04-20-00226-CV, 2021 WL 6127931, at *3 (Tex. App.—San Antonio Dec. 29, 2021, no pet.) (mem. op.).

Parties may challenge a trial court's subject-matter jurisdiction through several different procedural vehicles, including a Rule 91a motion. Tex. R. Civ. P. 91a; *San Jacinto River Auth. v. Medina*, 627 S.W.3d 618, 621 (Tex. 2021) (treating river authority's Rule 91a motion as a jurisdictional plea); *Univ. of N. Tex. Health Sci. Ctr.*, 2023 WL 2926263, at *3 (construing UNTHSC's Rule 91a motion as functional equivalent of plea to the jurisdiction). A Rule 91a movant may seek dismissal of a cause of action on the ground that it has no basis in law or in fact. *See* Tex. R. Civ. P. 91a.1. A cause of action has no legal basis if the allegations, taken as true together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought. *Id.* "Whether the dismissal standard is satisfied depends 'solely on the pleading of the cause of action.'" *City of Dallas v. Sanchez*, 494 S.W.3d 722, 724 (Tex. 2016) (quoting Tex. R. Civ. P. 91a.6). We review any type of Rule 91a ruling de novo. *Id.*

When a Rule 91a motion challenges jurisdiction, we construe the pleadings liberally in the plaintiff's favor, looking to the pleader's intent and accepting the factual allegations as true, to determine whether the pleaded facts suffice to invoke a waiver of immunity. *Id.* at 724–25; *Univ. of N. Tex. Health Sci. Ctr.*, 2023 WL 2926263, at *3. Rule 91a contemplates that a plaintiff facing a Rule 91a motion may choose to either nonsuit or amend the challenged causes of action before the hearing on the motion. Tex. R. Civ. P. 91a.5. But Rule 91a does not explicitly require courts to afford the right to replead to plaintiffs who choose to stand on their pleadings. *See Teel v. Autonation Motors, LLC*, No. 02-20-00419-CV, 2022 WL 123217, at *4 (Tex. App.—

5

Fort Worth Jan. 13, 2022, no pet.) (mem. op.) (explaining that Rule 91a "does not allow the plaintiff an opportunity to cure any defects after the fact" (citing *Dailey v. Thorpe*, 445 S.W.3d 785, 790 (Tex. App.—Houston [1st Dist.] 2014, no pet.))).

## III. Issue One

## (Service and the Rule 91a Motion's Timeliness)

In her first issue, Hall argues that the trial court erred by overruling her objection to the timeliness of Mansfield ISD's Rule 91a motion.[2] "A motion to dismiss must be . . . filed within 60 days after the first pleading containing the challenged cause of action is served on the movant[.]" Tex. R. Civ. P. 91a.3(a). Hall argues that Mansfield ISD filed its Rule 91a motion outside the 60-day window. We disagree.

Hall's timeliness argument consists of six short standalone sentences that contain no record references and scarce citation to authority. Hall refers us only to Rule 91a's 60-day deadline and to the officer's return on file as proof that she served Mansfield ISD on October 10, 2023.[3] She then argues that Mansfield ISD's Rule 91a

---

[2]Although Hall did not obtain an express ruling on her timeliness objection, the trial court's granting the Rule 91a motion—after hearing Hall's objection—constituted an implicit ruling denying Hall's objection. *See* Tex. R. App. P. 33.1(a)(2)(A); *see, e.g.*, *Seim v. Allstate Tex. Lloyds*, 551 S.W.3d 161, 166 (Tex. 2018) (noting that ruling may be implied if implication is "clear" (quoting *In re Z.L.T.*, 124 S.W.3d 163, 165 (Tex. 2003))).

[3]Hall's statement of facts also points out that the parties' lawyers emailed each other about the filing of the lawsuit on October 25, 2023, and November 6, 2023. But

deadline was December 9, 2023, and that the trial court erred by overruling her objection to Mansfield ISD's filing its Rule 91a motion on January 11, 2024.

Citation in a suit against a school district "may be served on the president of the school board or on the superintendent." Tex. Civ. Prac. & Rem. Code Ann. § 17.024(c). When serving an entity's agent, the citation must affirmatively show that the individual served is in fact the agent for service. *Leonard Manor, Inc. v. Century Rehab. of Tex., L.L.C.*, No. 06-09-00036-CV, 2009 WL 2878016, at *1 (Tex. App.—Texarkana Sept. 10, 2009, pet. denied) (mem. op.); *Paramount Credit, Inc. v. Montgomery*, 420 S.W.3d 226, 232–33 (Tex. App.—Houston [1st Dist.] 2013, no pet.); *Pharmakinetics Labs., Inc. v. Katz*, 717 S.W.2d 704, 706 (Tex. App.—San Antonio 1986, no writ).

The return of service has long been considered prima facie evidence of the facts recited there. *Primate Constr. Inc. v. Silver*, 884 S.W.2d 151, 152 (Tex. 1994); *Clayton v. Stamper*, No. 13-22-00200-CV, 2024 WL 117599, at *4 (Tex. App.—Corpus Christi–Edinburg Jan. 11, 2024, no pet.) (mem. op.). The party requesting service—not the process server—bears the responsibility to ensure proper service. *Primate Constr. Inc.*, 884 S.W.2d at 153 (citing Tex. R. Civ. P. 99(a)). This responsibility extends to seeing that service is properly reflected in the record. *Id.* If the facts as recited in the return, pre-printed or otherwise, are incorrect and do not show proper service, then the party

---

she makes no arguments on appeal about the contents or impact of those emails between counsel.

requesting service must seek to amend the return before the trial court's plenary power has expired. *See id.; Higginbotham v. Gen. Life & Acc. Ins. Co.*, 796 S.W.2d 695, 696 (Tex. 1990);[4] *see also* Tex. R. Civ. P. 118.

Hall's petition stated that it could be served on Mansfield ISD's superintendent, Dr. Kimberly Cantu. Likewise, the citation was addressed to "Mansfield Independent School District B/S Superintendent – Dr[.] Kimberly Cantu . . . ." But the officer's return—to which Hall directs us—did not indicate that the citation was served on Dr. Cantu or on Mansfield ISD's school-board president. Rather, the return showed service was made on Alicia Heimbigner, and the return did not itself affirmatively indicate that Heimbigner was in fact Mansfield ISD's agent for service.

---

[4]Previously, this court has cited the supreme court's *Primate* decision for the proposition that Rule 118 allows for amending the service return up until the trial court enters judgment and that once the trial court enters judgment, it cannot authorize a return amendment. *See Vespa v. Nat'l Health Ins. Co.*, 98 S.W.3d 749, 752–53 (Tex. App.—Fort Worth 2003, no pet.) (citing *Primate Constr. Inc.*, 884 S.W.2d at 153); *see also McCoy v. McCoy*, No. 02-17-00275-CV, 2018 WL 5993547, at *4 & n.4 (Tex. App.—Fort Worth Nov. 15, 2018, no pet.) (mem. op.). Relying on this proposition, the *Vespa* majority held that the amended return in that case was untimely because the appellee moved to amend the return after the trial court had entered the default judgment. 98 S.W.3d at 753. The concurrence criticized the majority for relying on that portion of *Primate*, concluding that it was "mere dicta" because the "issue of whether someone had effectively and timely filed for an amendment to the return was simply not before the court." *Id.* at 753 (Livingston, J., concurring). A later panel of this court has echoed the *Vespa* concurrence's critique of *Primate* and has rejected *Primate*'s statements regarding return amendments as dicta and as conflicting with the supreme court's holding in *Higginbotham. See Dawson v. Briggs*, 107 S.W.3d 739, 746–47 (Tex. App.—Fort Worth 2003, no pet.).

Although Hall argues that Mansfield ISD did not challenge or object to the officer's return, it was Hall's burden—not Mansfield ISD's—to show that service was properly reflected in the officer's return. *See* Tex. R. Civ. P. 99(a); *Primate Constr. Inc.*, 884 S.W.2d at 153. And even after Mansfield ISD raised this issue, Hall never sought to amend the return before the trial court's plenary power expired. *See* Tex. R. Civ. P. 118; *Higginbotham*, 796 S.W.2d at 696.

Accordingly, Hall has not shown that she validly served Mansfield ISD through Heimbigner. *See Spanton v. Bellah*, 612 S.W.3d 314, 316 (Tex. 2020) ("We indulge no presumptions in favor of valid issuance, service, or return of citation."). Because Mansfield ISD's later service waiver triggered Rule 91a's 60-day deadline, Mansfield ISD's motion—filed within 60 days of that waiver—was timely.[5] *See* Tex. R. Civ. P. 91a.3(a). We overrule Hall's first issue.

## IV. Issue Two

## (The Propriety of Granting the Rule 91a Motion)

In her second issue, Hall complains that the trial court erred "by relying on substantive evidentiary facts (namely whether [Hall] had exhausted her administrative

---

[5]Rather than the parties' (1) asking the trial court to wade through counsel's back-and-forth emails debating service and then (2) making the trial court consider a service question that Mansfield ISD did not raise in a motion to quash and that Hall did not try to resolve by requesting a return-of-service amendment, the better practice would have been to have executed a Rule 11 agreement establishing an agreed-upon service date. *See* Tex. R. Civ. P. 11, 118, 122.

remedies before filing her *Original Petition*)” when ruling on Mansfield ISD’s Rule 91a motion.[6] We disagree.

**A. Rule 91a**

Rule 91a allows—but does not require—trial courts to conduct an oral hearing on a Rule 91a motion. Tex. R. Civ. P. 91a.6. Except when considering an award of costs or fees, “the court may not consider evidence in ruling on the motion and must decide the motion based solely on the pleading of the cause of action, together with any [permitted] pleading exhibits . . . .” *Id.* Although Rule 91a limits a court’s factual inquiry to the plaintiff’s pleadings, it does not so limit the court’s legal inquiry. *Bethel v. Quilling, Selander, Lownds, Winslett & Moser, P.C.*, 595 S.W.3d 651, 656 (Tex. 2020). Rule 91a “contemplates that a court may consider at least the substance of the Rule 91a motion and arguments at the hearing, in addition to the plaintiff’s pleadings, in deciding the motion.” *Id.* at 655.

**B. Analysis of Hall’s Breach-of-Contract Claim**

In her original petition, Hall asserted a breach-of-contract claim against Mansfield ISD. After reciting the claim’s elements, Hall pleaded the following:

---

[6]Hall’s issue narrowly focuses on Hall’s breach-of-contract and tortious-interference-with-contract claims and does not address or assign error regarding the trial court’s dismissing any of her other claims. We review only whether the trial court erred in dismissing the claims on which Hall appeals. *See Pike v. Tex. EMC Mgmt., LLC*, 610 S.W.3d 763, 782 (Tex. 2020) (“A court of appeals may not reverse a trial court judgment on a ground not raised.”).

In this case, Aretha Hall and Defendants were parties to a valid and enforceable contract, the Contract. Also, Aretha Hall performed, tendered performance, or was excused from performing her contractual obligations. During her employment under the Contract, Aretha Hall had earned over 144 hours of paid time off, but was only paid for 32 hours. Defendants materially breached the Contract by refusing to pay her as agreed under the Contract. Defendants' breach has caused Aretha Hall to suffer injury because she has lost money.

Hall then pleaded for damages as well as attorney's fees.

In moving to dismiss Hall's breach-of-contract claim, Mansfield ISD pointed out that Hall had failed to state what kind of contract she had with Mansfield ISD or what its specific terms were. Mansfield ISD alternatively argued that "although [Hall] does not say what contract she is referring to, if she is referring to her Chapter 21 employment contract with the District," the law required Hall to exhaust her administrative remedies. *See, e.g.*, Tex. Educ. Code Ann. § 7.057(a)(2)(B) (providing for appeal to the education commissioner of claims alleging violations of "a provision of a written employment contract between the school district and a school district employee"); *Canutillo Indep. Sch. Dist. v. Farran*, 409 S.W.3d 653, 657 (Tex. 2013) ("School district employees . . ., alleging a breach of an employment contract where facts are in dispute, generally must exhaust administrative remedies by bringing an appeal to the Commissioner."). Hall never clarified what type of contract she was suing under and simply responded to Mansfield ISD's alternative argument about whether she needed to exhaust her administrative remedies.

As Mansfield ISD argues on appeal, the fundamental issue for the trial court was not a factual resolution of whether Hall had exhausted her administrative remedies—rather, the issue presented was whether Hall had pleaded around Mansfield ISD's governmental-immunity assertion. Hall bore the burden to allege facts in her petition that affirmatively established a waiver of that immunity. *See Area Metro. Ambulance Auth. v. Reed*, No. 02-22-00406-CV, 2023 WL 3017936, at \*2 (Tex. App.—Fort Worth Apr. 20, 2023, no pet.) (mem. op.) (citing *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993)). Hall needed to allege such a waiver "either by reference to a statute or to express legislative permission." *Id.* (quoting *Jones*, 8 S.W.3d at 638).

Hall references Section 271.152 of the Local Government Code in her appellate brief. *See* Tex. Loc. Gov't Code Ann. § 271.152. But from our de novo review of Hall's petition, nowhere is that or any other statute mentioned. In fact, Hall alleged that Mansfield ISD is a "Texas limited liability company[,]" and she did not mention Mansfield ISD's status as a governmental entity entitled to immunity. Nowhere in her contract-specific allegations—or otherwise—did Hall (1) refer to a specific statute authorizing her breach-of-contract claim against Mansfield ISD or (2) explain how she was pleading around Mansfield ISD's governmental immunity. Rather, the only jurisdiction-related allegation about Mansfield ISD in Hall's petition was that "[t]he court ha[d] jurisdiction over the controversy because the damages d[id] not exceed the jurisdictional limits of the Court."

12

That allegation did not affirmatively demonstrate a waiver of Mansfield ISD's governmental immunity. *See Jones*, 8 S.W.3d at 638; *see also Area Metro. Ambulance Auth.*, 2023 WL 3017936, at *3;[7] *Midland Firemen's Relief & Ret. Fund v. Midland Cent. Appraisal Dist.*, No. 11-20-00204-CV, 2022 WL 2252654, at *3 (Tex. App.—Eastland June 23, 2022, no pet.) (mem. op.) (holding plaintiff's petition failed to plead a waiver of immunity); *Martinez v. Mathis ISD*, No. 13-18-00495-CV, 2020 WL 4381995, at *2 (Tex. App.—Corpus Christi–Edinburg July 30, 2020, no pet.) (mem. op.) (holding plaintiff had failed to plead a waiver of immunity via statute or other legislative authority); *Unkefer v. Tex. Youth Comm'n*, No. 2-06-466-CV, 2007 WL 1776042, at *4–5 (Tex. App.—Fort Worth June 21, 2007, no pet.) (mem. op.) (affirming trial court's granting of jurisdictional plea where plaintiff did not reference any statute or other legislative permission for her breach-of-contract claim). Because Hall did not affirmatively establish a waiver of Mansfield ISD's governmental immunity, the trial

---

[7]Hall did not ask the trial court for an opportunity to replead; she stood on her original petition. Nor has Hall explicitly asked us to allow her to replead. As we note above, because this case involves a Rule 91a motion (and not a plea to the jurisdiction), Hall is not afforded an opportunity to cure via repleading. *Compare Teel*, 2022 WL 123217, at *4 (affirming Rule 91a dismissal and disallowing plaintiff an opportunity to replead), *with Area Metro. Ambulance Auth.*, 2023 WL 3017936, at *3 (reversing trial court's order denying plea to the jurisdiction but remanding to afford the plaintiff the opportunity to amend (citing *Miranda*, 133 S.W.3d at 226–27)).

court did not err by dismissing Hall's breach-of-contract claim against Mansfield ISD.[8]

**C. Analysis of Hall's Tortious-Interference-with-Contract Claim**

In a passing reference, Hall argues that we should disregard Mansfield ISD's argument that it is immune from Hall's tortious-interference-with-contract claim. It is well established that tortious interference with contract is an intentional tort. *See, e.g.,* *Holloway v. Skinner*, 898 S.W.2d 793, 795 (Tex. 1995); *Watson v. City of San Marcos*, No. 03-22-00307-CV, 2023 WL 3010938, at *3 (Tex. App.—Austin Apr. 20, 2023, pet. denied) (mem. op.). Because the Texas Tort Claims Act expressly precludes waiver of governmental immunity for intentional torts, *see* Tex. Civ. Prac. & Rem. Code Ann. § 101.057(2), the trial court did not err by dismissing Hall's tortious-interference-with-contract claim.

We overrule Hall's second issue.

**V. Conclusion**

Having overruled Hall's two issues, we affirm the trial court's order dismissing her claims under Rule 91a.

---

[8]We also conclude that because Mansfield ISD did not attach evidence to its Rule 91a motion or present any evidence at the hearing, the trial court did not improperly exceed its scope of reviewing Mansfield ISD's Rule 91a motion. *See* Tex. R. Civ. P. 91a.6.

/s/ Elizabeth Kerr
Elizabeth Kerr
Justice

Delivered:  December 19, 2024

15